UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- X

IN RE: INITIAL PUBLIC OFFERING
SECURITIES LITIGATION

This document relates to: 01 Civ. 3020; 01 Civ. 5258; 01 Civ. 6277; 01 Civ. 6820; 01 Civ. 6873; 01 Civ. 9411; 01 Civ. 9504; 01 Civ. 9741; 01 Civ. 9748; 01 Civ. 9619; 01 Civ. 9883; 01 Civ. 10053; 01 Civ. 10105; 01 Civ. 10108; 01 Civ. 10576; 01 Civ. 10683; 01 Civ. 10753; 01 Civ. 10799; 01 Civ. 10838; 01 Civ. 10839; 01 Civ. 10901; 01 Civ. 10942; 01 Civ. 10988; 01 Civ. 11219; 01 Civ. 11220; and 01 Civ. 11249.
------------------------------------------------------- X



OPINION AND ORDER

MASTER FILE NO. 21 MC 92 (SAS)

SHIRA A. SCHEINDLIN, U.S.D.J.:

I.   INTRODUCTION

This action consolidates three hundred and nine putative class actions for coordinated pretrial proceedings. Defendants now move to strike certain class allegations in twenty-six of those actions on the ground that plaintiffs have failed to identify class representatives. For the reasons stated herein, defendants' motion is granted in part and denied in part.

II.  BACKGROUND

On September 4, 2003, plaintiffs moved for class certification in all three hundred and nine actions. On October 13, 2004, this Court issued an

1

Opinion and Order certifying classes in six of the class actions (the "focus cases").¹ The parties had previously selected the focus cases and agreed that "[t]he rulings on the class certification motions in the selected cases will govern those cases only."² Nevertheless, I stated that the Opinion was "intended to provide strong guidance, if not dispositive effect, to all parties when considering class certification in the remaining actions."³

Defendants appealed the grants of class certification. On December 5, 2006, the Second Circuit vacated the certifications and remanded the cases for further proceedings ("*Miles*").⁴ On April 6, 2007, the *Miles* panel denied a petition for rehearing but issued a written opinion clarifying its ruling.⁵ On May 30, 2007, the mandate issued and the six focus cases were returned to this Court for further proceedings.

At a conference before this Court on May 30, 2007, plaintiffs moved

---

¹ *See In re Initial Public Offering Sec. Litig.*, 227 F.R.D. 65 (S.D.N.Y.2004).

² *Id.* at 72-73 & n.7.

³ *Id.* at 73.

⁴ *See Miles v. Merrill Lynch & Co.*, 471 F.3d 24 (2d Cir. 2006).

⁵ *See Miles v. Merrill Lynch & Co.*, 483 F.3d 70 (2d Cir.2007).

to withdraw the omnibus motion for class certification.[6] The Court granted the motion and the omnibus motion was withdrawn.[7] Plaintiffs then made an oral motion for class certification with respect to all three hundred and ten consolidated actions and gave a rough outline of the proposed classes on the record.[8] The motion proposed two classes of purchasers in each action: those investors who purchased shares of the IPOs in the aftermarket and did not receive an allocation from any underwriter defendant (the "Aftermarket Classes"), and those non-

---

[6] *See* Transcript of May 30, 2007 Conference ("5/30/07 Tr.") at 51, 56.

[7] *See id.* at 56.

[8] *See id.* at 24-26. Plaintiffs assert that this motion was "a prophylactic against the running of the statute of limitations" and that it "turned out [to be] an unnecessary precaution." Plaintiffs' Memorandum of Law in Opposition to Defendants' Motions to Strike Class Allegations in 26 Cases ("Pl. Mem.") at 2 & n.3. Plaintiffs are incorrect. As the Court observed at the May 30 conference, the September 4, 2003 motion for class certification in the non-focus cases proposed class definitions that had been rejected by the Second Circuit in *Miles*. *See* 5/30/07 Tr. at 49 (suggesting that plaintiffs could not oppose denial of the September 4, 2003 motion without violating Rule 11 of the Federal Rules of Civil Procedure). Plaintiffs responded by withdrawing that motion and filing a new motion for class certification. *See id.* at 51. I then determined that because "[t]here has been no ruling on any motion for class certification in any of the non-focus cases . . . *American Pipe* tolling is plainly still in effect in all of those cases." *In re Initial Public Offering Sec. Litig.*, 21 MC 92, 2007 WL 2609585, at *3 (S.D.N.Y. Aug. 30, 2007). Had plaintiffs not withdrawn their previous motion and moved for class certification at or shortly after the May 30 conference, their earlier motion would have been denied, tolling would have ceased, and they may have been subject to sanctions under Rule 11.

institutional aftermarket purchasers who had also received initial allocations (the "Limited Classes").[9] Plaintiffs sought to certify the latter class only for limited issues pursuant to Rule 23(c)(4) of the Federal Rules of Civil Procedure.

On August 16, 2007, plaintiffs sent defendants a list of proposed class representatives and stated that they would provide "additional names on a rolling basis."[10] On October 12, 2007, defendants informed plaintiffs that there were twenty-six cases for which plaintiffs failed to provide proposed class representatives.[11] Plaintiffs responded simply that they would provide these names

---

[9] Motions for class certification with respect to the six cases selected as focus cases have been filed, fully briefed, and are currently *sub judice*. None of the cases at issue here are focus cases.

[10] 8/16/07 Email from Roopal Luhana, attorney for plaintiffs, to Andrew Clubok, attorney for defendants, Ex. D to Notice of Motion.

[11] *See* 10/12/07 Letter from Joseph M. McLaughlin, attorney for defendants, to Stanley D. Bernstein, attorney for plaintiffs, Ex. E to Notice of Motion. The actions at issue are those involving the following IPOs: Antigenics, Inc.; AsiaInfo Holdings, Inc.; Audible, Inc.; Bookham Technology PLC; Capstone Turbine Corp.; Centra Software, Inc.; Chartered Semiconductor Manufacturing; ChoiceOne Communications, Inc.; CoSine Communications, Inc.; deCode Genetics, Inc.; DigitalThink, Inc.; eBenX, Inc.; GT Group Telecom, Inc.; Imanage, Inc.; Integrated Telecom Express, Inc.; Oratec Interventions, Inc.; OTG Software, Inc.; Perot Systems Corp.; Prodigy Communications, Inc.; Ravisent Technologies, Inc.; Rediff; Regent Communications, Inc.; SMTC Corp.; Spanish Broadcasting System, Inc.; TeleCorp PCS, Inc.; and Vixel Corporation.

when they moved in writing for class certification with regard to those cases.[12] Defendants informed the Court that they would move to strike the class allegations in those twenty-six cases; the Court ordered defendants to send a draft motion and written request under Rule 11 of the Federal Rules of Civil Procedure for plaintiffs to voluntarily withdraw the class allegations.[13]

On December 4, 2007, plaintiffs provided defendants with an updated list of class representatives.[14] While the updated list includes class representatives for each action, in eight of those twenty-six cases, plaintiffs' proposed class representatives for the Aftermarket Classes are not members of the proposed Aftermarket Classes because they received initial allocations.[15] In the other eighteen cases, plaintiffs have now provided proposed class representatives who are members of the Aftermarket Classes. Defendants now move to strike the class

---

[12] *See* 10/16/07 Letter from Bernstein to McLaughlin, Ex. F to Notice of Motion.

[13] *See* 11/13/07 Letter from McLaughlin to Bernstein, Ex. G to Notice of Motion.

[14] *See* 12/4/07 Email from Rebecca M. Katz, attorney for plaintiffs, to Clubok, Ex. H to Notice of Motion.

[15] These proposed class representatives are members of the Limited Classes. The actions are those involving the following IPOs: Chartered Semiconductor Manufacturing; deCode Genetics, Inc.; DigitalThink Inc.; EbenX, Inc.; GT Group Telecom, Inc.; Ravisent Technologies, Inc.; Regent Communications Inc.; and Spanish Broadcasting System, Inc.

allegations in all twenty-six cases.

## III. APPLICABLE LAW

### A. Motion to Strike Class Allegations

Rule 23(d)(1)(D) of the Federal Rules of Civil Procedure provides that a court may "require that the pleadings be amended to eliminate allegations about representation of absent persons and that the action proceed accordingly . . . ." The Second Circuit has not addressed whether a motion to strike class allegations may be brought before a class is certified. I agree with the district courts that have held that such motions may be addressed prior to the certification of a class if the inquiry would not mirror the class certification inquiry and if resolution of the motion is clear.[16]

### B. Requirements for Class Representatives

"'[A] class representative must be part of the class and possess the

---

[16] See *Rahman v. Smith & Wollensky Rest. Group*, No. 06 Civ. 6198, 2008 WL 161230, at *3 (S.D.N.Y. Jan. 16, 2008) (citing 5 *Moore's Federal Practice* § 23-145 (3d ed. 2007); *Evancho v. Sanofi-Aventis U.S. Inc.*, No. 07-2266, 2007 WL 4546100, at *5 (D.N.J. Dec. 19, 2007); *Gates v. Rohm & Haas Co.*, No. 06-1743, 2007 WL 1366883, at *3 (E.D. Pa. May 3, 2007)). *But cf. Korman v. Walking Co.*, 503 F. Supp. 2d 755, 763 (E.D. Pa. 2007) ("A motion to strike class allegations under Rule 23(d)(4) seems, for all practical purposes, identical to an opposition to a motion for class certification.").

same interest and suffer the same injury as the class members.'"[17] Membership in the class is necessary but not sufficient; not all members of a purported class are eligible to be class representatives.[18]

### C. Addition of Class Representatives

"Rule 15(a) directs that leave to amend should be 'freely given.' The Second Circuit has held that a Rule 15(a) motion 'should be denied only for such reasons as undue delay, bad faith, futility of the amendment, and perhaps most important, the resulting prejudice to the opposing party.'"[19] "Courts have generally permitted the addition or substitution of class representatives when there

---

[17] *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625-26 (1997) (quoting *East Tex. Motor Freight Sys. v. Rodriguez*, 431 U.S. 395, 403 (1977)) (alteration in *Amchem*) (internal quotation marks omitted). *Accord Heerwagen v. Clear Channel Commc'ns*, 435 F.3d 219, 225 (2d Cir. 2006); *Swan v. Stoneman*, 635 F.2d 97, 102 n.6 (2d Cir. 1980) ("As a general rule, a class action cannot be maintained unless there is a named plaintiff with a live controversy both at the time the complaint is filed and at the time the class is certified.").

[18] *See generally Robinson v. Metro-North Commuter R.R.*, 267 F.3d 147, 170-71 (2d Cir. 2001) ("Two factors generally inform whether class representatives satisfy the Rule 23(a)(4) requirement: '(1) absence of conflict and (2) assurance of vigorous prosecution.'") (quoting 1 Herbert B. Newberg & Alba Conte, *Newberg on Class Actions* § 3.22, at 3-126 (3d ed. 1992)).

[19] *Aetna Cas. & Sur. Co. v. Aniero Concrete Co.*, 404 F.3d 566, 603 (2d Cir. 2005) (quoting *Richardson Greenshields Sec. v. Lau*, 825 F.2d 647, 653 n.6 (2d Cir. 1987)). *Accord Doe v. Karadzic*, 176 F.R.D. 458, 461 (S.D.N.Y. 1997) (citing *Richardson Greenshields*, 825 F.2d at 653 n.6).

7

is no showing of prejudice to defendants and such addition or substitution would advance the purposes served by class certification."[20] "[T]he procedure favored by the Second Circuit" requires that "where the named plaintiff is no longer an adequate representative of the class . . . rather than decertifying the instant class on the ground that the named plaintiffs are no longer adequate representatives of the class, [the court should] afford[] plaintiffs' counsel a reasonable period of time for the substitution or intervention of a new class representative."[21] However, leave to add a class representative will not be granted when it would result in unfair prejudice to the defendant.[22]

---

[20] *In re Arakis Energy Corp. Sec. Litig.*, No. 95 Civ. 3431, 1999 WL 1021819 (E.D.N.Y. Apr. 27, 1999) (citations omitted). *Accord Gilliam v. Addicts Rehab. Ctr. Fund*, No. 05 Civ. 3452, 2006 WL 1049352, at *2 (S.D.N.Y. Apr. 19, 2006) ("In class actions, plaintiffs may add or modify class representatives during pre-class certification discovery.") (citing *Rohrer v. FSI Futures, Inc.*, No. 94 Civ. 6345, 1997 WL 792955, at *1 (S.D.N.Y. Dec. 23, 1997)).

[21] *McAnaney v. Astoria Fin. Corp.*, No. 04-CV-1101, 2007 WL 2702348, at *13 (E.D.N.Y. Sept. 12, 2007) (citing *Norman v. Connecticut State Bd. of Parole*, 458 F.2d 497, 499 (2d Cir. 1972); *In re Nat'l Australia Bank Sec. Litig.*, No. 03 Civ. 6537, 2006 WL 3844463, at *3 (S.D.N.Y. Nov. 8, 2006); *In re Currency Conversion Fee Antitrust Litig.*, No. MDL 1409, 2005 WL 3304605, at *3 (S.D.N.Y. Dec. 7, 2005); *In re Indep. Energy Holdings PLC Sec. Litig.*, 210 F.R.D. 476, 484 (S.D.N.Y. 2002)) (quotation marks omitted).

[22] *See Quaak v. Dexia, S.A.*, 445 F. Supp. 2d 130, 149 (D. Mass. 2006) (permitting the addition of an additional class representative where it would not prejudice the defendant); *Ostrof v. State Farm Mut. Auto. Ins. Co.*, 200 F.R.D. 521, 529 n.6 (D. Md. 2001) (denying leave to add additional class representatives

## IV. DISCUSSION

### A. The Eight Cases Without an Aftermarket Class Representative

It is hornbook law that the class representative must be a member of the class. Even the case cited by plaintiffs, *Cordes & Co. Financial Services v. A.G. Edwards & Sons*,[23] supports this proposition. Plaintiffs assert that in *Cordes & Co.*, the Second Circuit "explained [that] meeting the class definition, *per se*, is not required in every case . . . ."[24] However, in that case, the Second Circuit observed that it is a "basic principle" that "'[t]o have standing to sue as a class representative it is essential that a plaintiff . . . be a part of that class, that is, he must possess the same interest and suffer the same injury shared by all members of

---

where such addition "would . . . clearly be prejudicial" to defendant); *In re Norplant Contraceptive Prods. Liab. Litig.*, 163 F.R.D. 258, 260 (E.D. Tex. 1995) (denying leave to add an additional plaintiff where "Defendants would be prejudiced if Plaintiffs were allowed to add any other named class representatives") (citing *Dickerson v. U.S. Steel Corp.*, 64 F.R.D. 351 (E.D. Pa. 1974)); *Dickerson*, 64 F.R.D. at 354 ("[W]e feel a sounder basis for denial lies in the prejudice which would result to defendant should the Court permit joinder or intervention now that the briefs directed to the class action question have already been filed.").

[23]  502 F.3d 91 (2d Cir. 2007).

[24]  Plaintiffs' Memorandum of Law in Opposition to Defendants' Motions to Strike Class Allegations in 26 Cases ("Pl. Mem.") at 8.

9

the class he represents.'"[25] The Circuit then held that a party is not precluded from serving as class representative simply because it asserts an assigned claim.

Controlling law is clear that "'a class representative must be part of the class . . . .'"[26] Plaintiffs have cited no case where a court permitted a class representative that was not a member of the class. Indeed, I am aware of none.[27] Plaintiffs have had years to locate a class representative for each case that could adequately represent the class. In these eight cases, they have failed to do so. I therefore strike the Aftermarket Class allegations in these eight cases.

### B. Unreasonable Delay in Naming Class Representatives

Plaintiffs argue that they have proposed adequate class representatives for the other eighteen cases and for the Limited Classes in the previously discussed eight cases. Defendants respond that the class allegations should be struck in these cases because plaintiffs have waited too long to provide

---

[25] *Cordes & Co.*, 502 F.3d at 101 (quoting *Schlesinger v. Reservists Comm. to Stop the War*, 418 U.S. 208, 216 (1974)) (alterations in *Cordes & Co.*).

[26] *General Tel. Co. of Southwest v. Falcon*, 457 U.S. 147, 156 (1982) (quoting *East Tex. Motor Freight Sys.*, 431 U.S. at 403).

[27] Plaintiffs argue that even though the proposed class representatives in these eight cases are not members of the Aftermarket Classes, they are still suitable class representatives for those classes because there is "a union of interests between the representative and the class." Pl. Mem. at 8. There is no support for this position in controlling law.

class representatives.[28]

Similar issues have arisen twice before in this litigation. On September 2, 2003, plaintiffs' counsel informed the Court that the lead plaintiffs in six of the putative class actions were unable to serve as class representatives.[29] Defendants moved to dismiss the actions and the Court granted plaintiffs an additional thirty days to locate substitute class representatives. In the action filed in connection with the initial public offering of Numerical Technologies, Inc., plaintiffs were unable to locate a substitute class representative. I concluded that "plaintiffs' counsel was both unable to find any putative class member willing to move for appointment as class representative despite searching for more than a year, and also unable to establish that any such class member would ever be found."[30] I therefore dismissed the action with leave for the plaintiff to refile an individual complaint.

In 2004, plaintiffs sought to appoint additional lead plaintiffs in four

---

[28] *See* Memorandum of Law in Support of Underwriter Defendants' Motion to Strike Class Allegations in 26 Cases in Which Plaintiffs Moved for Class Certification While Lacking a Putative Class Representative at 11-12.

[29] *See* Order, *Numerical Techs., Inc. Initial Public Offering Sec. Litig.*, No. 01 Civ. 9513 (S.D.N.Y. Oct. 29, 2003).

[30] *In re Initial Public Offering Sec. Litig.*, 224 F.R.D. 550, 553 (S.D.N.Y. 2004).

cases (none of which were selected as focus cases) because the original lead plaintiffs had ceased all communications with plaintiffs' counsel.[31] Defendants suggested that I follow the precedent set in *Numerical* and dismiss the actions. I found that plaintiffs' counsel had diligently attempted to communicate with the lead plaintiffs, and had made reasonable efforts to locate them. I further concluded that plaintiffs had acted without "undue delay" in moving to add additional lead plaintiffs, and that there was "no evidence that the filing of this motion was postponed by any dilatory motive."[32] Finally, I observed that defendants failed "to make any showing as to how the appointment of the proposed additional lead plaintiffs in the cases in question would cause them any prejudice."[33] Therefore, I permitted the appointment of the additional lead plaintiffs.

This situation is more akin to the latter than the former. While plaintiffs have failed to propose new class representatives within a reasonable time, defendants have not argued that plaintiffs' delay has caused any prejudice. I therefore decline to strike the allegations at this time. However, plaintiffs are

---

[31]   *See id.*

[32]   *Id.*

[33]   *Id.*

cautioned that they will not be permitted to add any additional class representatives. After years of litigation, defendants have a right to know the identities of their adversaries.

Defendants further contend that plaintiffs have failed to "provide . . . a complete picture of the identity, availability, viability, and specific class membership of the proposed class representatives . . . ."[34] The extent of plaintiffs' disclosures is unclear to the Court at this time. Therefore, within twenty-one days of this Order, plaintiffs shall notify defendants and the Court of the identity of the putative class representatives for each proposed class in each of the eighteen cases and the basis for each putative representative's claim, and shall indicate whether these putative representatives are members of the proposed classes. Defendants may renew their motion to strike the class allegations in any case in which plaintiffs fail to do so, or for any class in which the putative representative is not a member of the proposed class.

## V. CONCLUSION

For the reasons stated above, defendants' motion is granted in part and denied in part. Plaintiffs are directed to disclose the information discussed

---

[34] Reply Memorandum of Law in Support of Underwriter Defendants' Motion to Strike Class Allegations in 26 Cases in Which Plaintiffs Moved for Class Certification While Lacking a Putative Class Representative at 8.

13

above within twenty-one days of this Order. The Clerk of the Court is directed to close this motion [document no. 5720 in action 21 MC 92].

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:     New York, New York
           May 13, 2008

- **Appearances** -

## For Plaintiffs' Executive Committee:

Stanley D. Bernstein, Esq.
Robert Berg, Esq.
Rebecca M. Katz, Esq.
Christian Siebott, Esq.
Ann M. Lipton, Esq.
Bernstein Liebhard & Lifshitz, LLP
10 East 40th Street
New York, New York 10016
(212) 779-1414

Robert A. Wallner, Esq.
Ariana J. Tadler, Esq.
Peter G.A. Safirstein, Esq.
Milberg Weiss Bershad & Schulman LLP
One Pennsylvania Plaza
New York, New York 10119
(212) 946-9453

## Liaison Counsel for Underwriter Defendants:

Gandolfo V. DiBlasi, Esq.
Penny Shane, Esq.
David M.J. Rein, Esq.
Richard J.L. Lamuscio, Esq.
Sullivan and Cromwell LLP
125 Broad Street
New York, New York 10004
(212) 558-4000

## Liaison Counsel for Issuer Defendants:

Jack C. Auspitz, Esq.
Joel C. Haims, Esq.
Hilary M. Williams, Esq.
Angela T. Rella, Esq.
Reema S. Abdelhamid, Esq.
Morrison and Foerster LLP
1290 Avenue of the Americas
New York, New York 10104
(212) 468-8000