UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------x

IN RE INITIAL PUBLIC OFFERING
SECURITIES LITIGATION

This Document Relates To:
ALL CASES

---------------------------------x

Civil Action No. 21 MC 92 (SAS)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/11/09

## PRELIMINARY ORDER IN CONNECTION WITH SETTLEMENT PROCEEDINGS

WHEREAS, the parties to the putative class actions listed on Exhibit A of the Stipulation and Agreement of Settlement dated April 1, 2009 (the "Stipulation") which is subject to review under Rule 23 of the Federal Rules of Civil Procedure and which, together with the exhibits thereto, sets forth the terms and conditions for the proposed settlement of all actions in this coordinated litigation (the "Actions") and as against all the Defendants; and the Court having read and considered the Stipulation and the accompanying motion, memorandum of law and all relevant supporting documents and having held a hearing regarding same; and the parties to the Stipulation having consented to the entry of this Order; and all capitalized terms used herein having the meanings defined in the Stipulation;

NOW, THEREFORE, IT IS HEREBY ORDERED, this 11 day of June, 2009 that:

1. The Court does hereby preliminarily approve the Stipulation and the Settlement set forth therein, subject to further consideration at the Settlement Fairness Hearing described below.

2.  Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of this Settlement only, the Actions are hereby preliminarily certified as class actions on behalf of all persons who purchased or otherwise acquired the securities set forth on Schedule 1 to the Notice of Pendency and Proposed Global Settlement of 309 Class Actions, Motion for Approval of Settlement, Plan of Allocation, Attorneys' Fees and Expenses, PSLRA Awards of Reimbursement of Representatives' Time and Expenses and Settlement Fairness Hearing (the "Settlement Notice") in the date ranges set forth in Schedule 1 (the "Settlement Classes" or "Settlement Class Periods"). Excluded from the Settlement Classes are: (a) each Person, other than a Natural Person, that was identified as a recipient of an allocation of shares from the "institutional pot" in the IPO or Other Charged Offering of any of the 309 Subject Securities, according to a list derived from the final "institutional pot" list created at the time of each IPO or Other Charged Offering by the lead Underwriter in that Offering ("Excluded Allocants"); (b) (i) each Person that currently is or previously was a named defendant in any of the 309 Actions (hereafter "Named Defendant"); (ii) any attorney who has appeared in the Actions on behalf of a Named Defendant; (iii) members of the immediate family of any Named Defendant; (iv) any entity in which any Excluded Allocant or Named Defendant has or during any of the class periods had a majority interest; (v) the legal representatives, heirs, successors or assigns of any Excluded Allocant or Named Defendant; and (vi) any director, officer, employee, or beneficial owner of any Excluded Allocant or Named Defendant during any of the Settlement Class Periods. Notwithstanding the prior sentence, a person shall not be excluded from the Settlement Classes merely by virtue of his, her or its beneficial ownership of the securities of a publicly-traded Excluded Allocant or Named Defendant; and excluded from the respective Classes from

which they request exclusion are (c) the persons and/or entities who request exclusion from any of the Settlement Classes in accordance with the instructions in the Settlement Notice.

3. The Court finds, for the purposes of the Settlement only, that the prerequisites for class action treatment under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied for each of the Actions, in that: (a) the numbers of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the members of each of the Settlement Classes; (c) the claims of the Proposed Settlement Class Representatives are typical of the claims of the Settlement Classes they seek to represent; (d) the Proposed Settlement Class Representatives and Plaintiffs' Executive Committee will fairly and adequately represent the interests of the Settlement Classes; (e) the questions of law and fact common to the members of the Settlement Classes predominate over any questions affecting only individual members of the Settlement Classes; and (f) class actions are superior to other available methods for the fair and efficient adjudication of the remaining controversy.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of this Settlement only, the Proposed Settlement Class Representatives in each of the Actions are hereby preliminarily certified as Settlement Class Representatives in those Actions and the firms comprising Plaintiffs' Executive Committee are preliminarily certified as Class Counsel.

5. A hearing (the "Settlement Fairness Hearing") pursuant to Rule 23(e) of the Federal Rules of Civil Procedure is hereby scheduled to be held before the Court on September 10, 2009, at 4:30 p.m. for the following purposes:

3

(a)  to finally determine whether the Actions satisfy the applicable prerequisites for class action treatment under Rules 23(a) and (b) of the Federal Rules of Civil Procedure for the purposes of this Settlement;

(b)  to determine whether the proposed Settlement is fair, reasonable, and adequate, and should be approved by the Court;

(c)  to determine whether the Order and Final Judgment as provided under the Stipulation should be entered in each of the Actions, dismissing the Complaints filed in the Actions as against the Defendants, on the merits and with prejudice, and to determine whether the release by the Settlement Classes of the Settled Claims, as set forth in the Stipulation, should be provided to the Protected Persons;

(d)  to determine whether the proposed Designations and Plan of Allocation, as referenced in the Settlement Notice, for the proceeds of the Settlement is fair and reasonable, and should be approved by the Court;

(e)  to consider Plaintiffs' Counsel's application for an award of attorneys' fees and expenses; and

(f)  to consider applications filed by proposed Settlement Class Representatives and/or Lead Plaintiffs for their reasonable time and expenses (including lost wages) incurred as a result of representing the proposed Settlement Classes (the "PSLRA Award Requests"); and

(g)  to rule upon such other matters as the Court may deem appropriate.

4

6. The Court reserves the right to approve the Stipulation with or without modification and with or without further notice of any kind. The Court further reserves the right to enter its Order and Final Judgment in each of the Actions, approving the Stipulation and dismissing the Complaints filed in the Actions as against the Defendants, on the merits and with prejudice, regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and expenses.

7. The Court approves the form, substance and requirements of the Settlement Notice (attached as Exhibit 1 hereto), the FRONTISPIECE (attached as Exhibit 2 hereto) and the Proof of Claim form (attached as Exhibit 3 hereto).

8. The Court approves the appointment of The Garden City Group, Inc. as the Claims Administrator. The Claims Administrator, under the supervision of Plaintiffs' Executive Committee, shall cause the Settlement Notice, FRONTISPIECE and the Proof of Claim form, substantially in the forms annexed hereto, to be mailed, by first class mail, postage prepaid, on or before _July 2_, 2009 (the "Mailing Date"), to all Settlement Class Members who can be identified with reasonable effort, including all persons or entities to whom prior notice was mailed in connection with the previously terminated 2005 Issuer Defendant Settlement. To the extent that they have not previously done so, the Defendants, except Lehman and the Bankrupt Issuers, shall make a reasonable effort to provide the Claims Administrator, without charge to any other Party, with the names and addresses of potential Settlement Class members as shown by Defendants' transfer records and shareholder information for the purpose of identifying and giving notice to the Settlement Classes. If a Defendant does not wish to provide their transfer records and shareholder information to the Claims Administrator, then that Defendant shall cause the Settlement Notice, appropriate FRONTISPIECE and the Proof of Claim, substantially in the

5

forms annexed hereto, to be mailed, by first class mail, postage prepaid, on or before the Mailing Date, to those Settlement Class Members, without charge to any other Party and will provide the Claims Administrator with proof of that mailing. The Claims Administrator shall use reasonable efforts to give notice to nominee owners such as brokerage firms and other persons or entities who purchased an Issuer's securities during the Settlement Class Periods as record owners but not as beneficial owners. To the extent that such nominees have not previously provided the Claims Administrator with lists of their beneficiaries, such nominee purchasers are directed, within twenty (20) days of their receipt of the Settlement Notice, to either forward copies of the Settlement Notice and Proof of Claim to their beneficial owners or to provide the Claims Administrator with lists of the names and addresses of the beneficial owners, and the Claims Administrator is ordered to send the Settlement Notice and Proof of Claim promptly to such beneficial owners. Nominee purchasers who elect to send the Settlement Notice and Proof of Claim to their beneficial owners shall send a statement to the Claims Administrator confirming that the mailing was made as directed. Additional copies of the Settlement Notice and Proof of Claim shall be made available to any record holder requesting such for the purpose of distribution to beneficial owners, and such record holders shall be reimbursed from the Gross Settlement Fund, upon receipt by the Claims Administrator of proper documentation, for the reasonable expense of sending the Settlement Notices and Proofs of Claim to beneficial owners. Plaintiffs' Executive Committee shall, at or before the Settlement Fairness Hearing, file with the Court proof of mailing of the Settlement Notice and Proof of Claim.

9. The Claims Administrator shall cause to be maintained, during the period from the Mailing Date until the Settlement Fairness Hearing, a website, identified in the Settlement Notice, through which persons may access the Stipulation, the extant complaints in the Actions

6

the Court's February 19, 2001 ruling (as amended) on Defendants' motions to dismiss the complaints and tables setting forth the alleged artificial inflation and December 6, 2000 holding prices for each of the Subject Securities.

10. The Court approves the form of Publication Notice of the pendency of these class actions and the proposed settlement in substantially the form and content annexed as Exhibit 4 hereto and directs that the Claims Administrator, under the supervision of Plaintiffs' Executive Committee, shall cause the Publication Notice to be published once in the national edition of *The Wall Street Journal*, *USA Today*, and *The New York Times*, and once over the *PR Newswire* within ten days of the Mailing Date. Plaintiffs' Executive Committee shall, at or before the Settlement Fairness Hearing, file with the Court proof of publication of the Publication Notice.

11. The form and method set forth herein of notifying the Settlement Classes of the Settlement and its terms and conditions, including the use of a website as the only location to set forth alleged artificial inflation amounts and December 6, 2000 holding prices for each of the Subject Securities, meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. 78u-4(a)(7) as amended by the Private Securities Litigation Reform Act of 1995, and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled thereto. The Court finds that the description of Plaintiffs' Counsel's application for fees and expenses and the identities of counsel applying for such fees and expenses in the Settlement Notice is sufficient to satisfy Rule 23.1 of the Local Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York.

7

12. In order to be entitled to participate in the Net Settlement Fund, in the event the Settlement is effected in accordance with the terms and conditions set forth in the Stipulation, each Settlement Class Member shall take the following actions and be subject to the following conditions:

(a) A properly executed Proof of Claim (the "Proof of Claim"), substantially in the form attached hereto as Exhibit 3, must be submitted to the Claims Administrator, either electronically by, or at the Post Office Box indicated in the Settlement Notice, postmarked not later than _December 10_ 2009. Such deadline may be further extended by Court Order. Each paper Proof of Claim shall be deemed to have been submitted when postmarked (if properly addressed and mailed by first class mail, postage prepaid) provided such Proof of Claim is actually received prior to the motion for an order of the Court approving distribution of the Net Settlement Fund. Each electronic Proof of Claim shall be deemed to have been submitted when acknowledged as being received by the Claims Administrator. Any Proof of Claim submitted in any other manner shall be deemed to have been submitted when it was actually received at the address designated in the Settlement Notice.

(b) The Proof of Claim submitted by each Settlement Class Member must satisfy the following conditions: (i) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by Plaintiffs' Executive Committee; (iii) if the person executing the Proof of Claim is acting in a representative capacity, a certification of his current

8

authority to act on behalf of the Settlement Class Member must be included in the Proof of Claim; and (iv) the Proof of Claim must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

(c)  As part of the Proof of Claim, each Settlement Class Member shall submit to the jurisdiction of the Court with respect to the claim submitted, and shall (subject to effectuation of the Settlement) release all Settled Claims as provided in the Stipulation.

13.  Settlement Class Members shall be bound by all determinations and judgments in the Actions with respect to the Stipulation, whether favorable or unfavorable, unless such persons request exclusion from one or more (or all) of the Settlement Classes in a timely and proper manner, as hereinafter provided. A Settlement Class Member wishing to make such request shall mail the request in written form by first class mail postmarked no later than _August 10_, 2009 to the address designated in the Settlement Notice. The letter should state that the putative Class Member wants to be excluded from one or more (or all) of the Settlement Classes. The letter must be signed and clearly indicate the putative Class Member's name, address and telephone number and specify from which Settlement Class(es) such putative Class Member wants to be excluded. In the event that the letter does not set forth which particular Settlement Class from which exclusion is sought, the Court shall presume that exclusion is sought from all Settlement Classes. The request should also provide the date(s), price(s), and number(s) of any Subject Securities purchased (and sold, if any) by the putative Class Member during the Class Period(s) of any Subject Security or Securities for the Settlement Class(es) from which the putative Class Member wants to be excluded. The request for

9

exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court.

14.  Settlement Class Members requesting exclusion from one or more (or all) of the Settlement Classes shall not be entitled to receive any payment out of the Net Settlement Fund as to that Action or those Actions, as described in the Stipulation and the Settlement Notice.

15.  Plaintiffs' Executive Committee shall submit their papers in support of final approval of the Settlement, the proposed Designation and Plan of Allocation, the application for attorneys' fees and reimbursement of expenses and the PSLRA Award Requests by no later than _August 25_ 2009.

16.  The Court will consider comments and/or objections to the Settlement, the proposed Designations and Plan of Allocation, or the award of attorneys' fees and reimbursement of expenses or the PSLRA Award Requests, only if such comments or objections and any supporting papers are filed in writing with the Clerk of the Court, United States District Court, 500 Pearl Street, New York, New York 10007, and copies of all such papers are served, on or before _August 10_, 2009, upon each of the following: Rebecca M. Katz, Esq., Bernstein Liebhard, LLP, 10 East 40th Street, New York, NY 10116, Ariana J. Tadler, Esq., Milberg LLP, One Penn Plaza, New York, NY 10119, on behalf of plaintiffs; Gandolfo V. DiBlasi, Esq., Sullivan & Cromwell, 125 Broad Street, New York, NY 10004, on behalf of the Underwriter Defendants; and Jack C. Auspitz, Esq., Morrison & Foerster LLP, 1290 Avenue of the Americas, New York, New York 10104 on behalf of the Issuer Defendants. Attendance at the hearing is not necessary; however, persons wishing to be heard orally in opposition to the approval of the Settlement, the proposed Designations, Plan of Allocation, the request for attorneys' fees and expenses and/or the PSLRA Award Requests are required to indicate in their

10

written objection their intention to appear at the hearing. Persons who intend to object to the Settlement, the proposed Designations, Plan of Allocation, counsel's application for an award of attorneys' fees and expenses, and/or the PSLRA Award Requests and desire to present evidence at the Settlement Fairness Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Fairness Hearing. Settlement Class Members do not need to appear at the hearing or take any other action to indicate their approval.

17. Any Settlement Class Member who does not object to the Settlement and/or the proposed Designations, the Plan of Allocation, Plaintiffs' Counsel's application for an award of attorneys' fees and reimbursement of expenses, and/or the PSLRA Award Requests in the manner prescribed in the Settlement Notice shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, adequacy or reasonableness of the proposed Settlement, the Judgment to be entered approving the Settlement, the Plan of Allocation, the proposed Designations, the application by Plaintiffs' Counsel for an award of attorneys' fees and reimbursement of expenses, or the PSLRA Award Requests.

18. Pending final determination of whether the Settlement should be approved, the Settlement Class Representatives, all Settlement Class Members, and each of them, and anyone who acts or purports to act on their behalf, shall not institute, commence or prosecute any action which asserts Settled Claims against any Protected Person.

19. As provided in the Stipulation, Plaintiffs' Executive Committee may pay the Claims Administrator the reasonable fees and costs associated with giving notice to the Settlement Classes and the review of claims and administration of the Settlement out of the

11

Gross Settlement Fund without further order of the Court. Any sums required to be held in escrow hereunder prior to the Effective Date shall be held in the name of the "IPO Securities Litigation Settlement Fund" by the Bank Selected by the Parties, as Escrow Agent for the Settlement Fund. All funds held by the Escrow Agent shall be deemed to be in the custody of the District Court and shall remain subject to the jurisdiction of the District Court until such time as the funds shall be distributed or returned to the persons paying the same pursuant to this Stipulation and/or further order of the District Court. No distribution or payment from the Gross Settlement Fund shall be made to any person unless specifically authorized by this Stipulation and requested to be paid by an authorized representative from Bernstein Liebhard LLP and Milberg LLP, or pursuant to an order of the District Court; provided, however, that the Escrow Agent shall invest and reinvest any funds held in escrow in short term United States Treasury Securities or bank account(s) fully insured by U.S. the government, and shall collect and reinvest all interest accrued thereon.

20. If: (a) any specified condition to the settlement set forth in the Stipulation is not satisfied and the satisfaction of such condition is not waived in writing by Plaintiffs' Executive Committee and Counsel for the Defendants; (b) the Court rejects, in any respect, the Orders and Final Judgment in substantially the form and content annexed to the Stipulation as Exhibit D and/or Plaintiffs' Executive Committee and Counsel for the Defendants fail to consent to the entry of another form of order in lieu thereof; (c) the Court rejects the Stipulation, including any amendment thereto approved by Plaintiffs' Executive Committee and Counsel for the Defendants; or (d) the Court approves the Stipulation, including any amendment thereto approved by Plaintiffs' Executive Committee and Counsel for the Defendants, but such approval is reversed on appeal and such reversal becomes final by lapse of time or otherwise, then, in any

12

such event, except as provided in Paragraph 38 of the Stipulation, the Stipulation, including any amendment(s) thereof, and this Preliminary Order certifying the Settlement Classes and the Class Representatives for purposes of the settlement shall be null and void, of no further force or effect, and without prejudice to any party, and may not be introduced as evidence or referred to in any actions or proceedings by any person or entity, and each party shall be restored to his, her or its respective position as it existed prior to the execution of the Stipulation.

21. The Court retains exclusive jurisdiction over the Actions to consider all further matters arising out of or connected with the Settlement, the proposed Designations, the Plan of Allocation, the application by Plaintiffs' Counsel for an award of attorneys' fees and reimbursement of expenses and the PSLRA Award Requests.

Dated:   New York, New York
         June 11, 2009

                                              HONORABLE SHIRA SCHEINDLIN

13