2009, Judge Pitman issued an order concluding that a portion of the 9/10/09 Bechtold Objections – the result of a mock trial – was not privileged, but was inadmissible pursuant to Federal Rule of Evidence Rule 408. Having now reviewed the 9/10/09 Bechtold Objections in their entirety, I conclude that they do not provide grounds to modify the 10/5/09 Opinion.

In the 9/10/09 Bechtold Objections, Bechtold asserts that the settlement amount is deficient when compared to the results of a mock trial conducted jointly by the parties as part of settlement negotiations.[3] While mock trials can be instructive in assessing the strengths and weaknesses of a case, they are, by no means, entitled to a presumption of correctness. The settlement amount was held to be reasonable in light of the expected recovery and attendant risks after a detailed and lengthy analysis in the 10/5/09 Opinion[4] and the alleged mock trial results do not change that conclusion.

Bechtold additionally objects on the grounds that the expense reimbursement request may have been inaccurate. Bechtold claims that he uncovered "several" examples of mailings identified on an "IPO related Fed Ex shipments" list – "accidentally" left on Bechtold's desk – that "cannot be

---

[3] *See* 9/10/09 Bechtold Objections at 3.

[4] *See In re Initial Public Offering*, 2009 WL 3397238, at *8-*15.

legitimately related to the IPO Securities Litigation."[5] Bechtold also asserts that the amounts paid to retired Judges Nicholas Politan and Daniel Weinstein – the two mediators that assisted with the instant settlement – were not outlined for the class.[6] In the process of assessing the reasonableness of Counsel's expense reimbursement request, I carefully reviewed Counsel's submissions, asked for, and received, additional supporting materials, and awarded a reimbursement amount almost four million dollars less than that requested.[7] As a result, even if Bechtold had substantiated the existence of such mailings or if the fees paid to the mediators were unusually high, the reduction in Counsel's reimbursement moots Bechtold's complaint and does not change the outcome.[8]

Bechtold further objects that the class was not notified of the alleged possibility that certain class representatives may have been corrupt given Melvin Weiss' prior involvement in this matter.[9] However, this issue – having been raised

---

[5] 9/10/09 Bechtold Objections at 6.

[6] *See id.*

[7] *See In re Initial Public Offering*, 2009 WL 3397238, at *23-*25 (addressing the detail and reasonableness of reimbursement requests).

[8] *See* 9/10/09 Bechtold Objections at 6-7.

[9] *See id.* at 1-2.

by Bechtold – was fully explored by this Court and a Special Master in 2007.[10] The results of those proceedings were that the information Bechtold sought to communicate to the class regarding these topics was either covered by work product protection, was incendiary, or lacked credibility.[11] Bechtold provides no new information to call these earlier conclusions into doubt.

Bechtold also provides a host of specific objections already addressed in the 10/5/09 Opinion, including: (1) that additional information posted on the website for this matter at www.iposecuritieslitigation.com was not included in the original Notice mailed to class members;[12] (2) the proposed settlement class is substandard;[13] (3) the settlement amount is insufficient;[14] (4) defendants are able to withstand a greater judgment;[15] (5) the required documentation is too

---

10 *See In re Initial Public Offering Sec. Litig.*, 499 F. Supp. 2d 415, 417 n.1 (S.D.N.Y. 2007).

11 *See id.*

12 *See* 9/10/09 Bechtold Objections at 1-2.

13 *See id.* at 2-3.

14 *See id.* at 3.

15 *See id.* at 4.

burdensome;[16] (6) representative plaintiff compensation is too great;[17] (7) and Bechtold's assessment that certain plaintiffs were improper class representatives.[18] Having already addressed these objections, I see no need to revisit them once again.[19] Therefore, I conclude that the 9/10/09 Bechtold Objections do not change my opinion that the settlement is "fair, reasonable and adequate."[20]

---

[16] *See id.*

[17] *See id.* at 4-6.

[18] *See id.* at 1-2, 6-7.

[19] *See In re Initial Public Offering,* 2009 WL 3397238, at *12 & n.144 (discussing that neither the PSLRA nor Rule 23 requires greater disclosure than the contents of the Notice of Pendency that was disseminated in these actions and providing an overabundance of information may confuse class members); *id.* at *15-*16 (addressing a variety of objections to class certification, but holding class certification to be appropriate); *id.* at *8-*15 (considering each of the *Grinnell* factors and concluding that they weighed, on balance, in favor of approving the proposed settlement and that it was fair, reasonable and adequate); *id.* at *20-*23 & Ex. 1 (limiting and reducing the awards received by each lead plaintiff and class representative); *id.* at *13 (addressing that although defendants were likely able to withstand a greater judgment and that this fact weighed against the approval of the proposed settlement, it did not outweigh other more favorable factors); *id.* at *14 (acknowledging the difficulty some class members may have in locating documentation of their claims and directing the claims administrator and plaintiffs' counsel to attempt, in good faith, to determine each claim's eligibility for participation, regardless of submitted documentation); *id.* at *17 (noting that class representatives were previously found to be adequate).

[20] Fed. R. Civ. P. 23(e)(2). Bechtold also asserts that some class members have had difficulty filing claims on the IPO website due to alleged technical difficulties. *See* 9/10/09 Bechtold Objections at 6. Such issues should be brought to the attention of the Plaintiffs' Executive Committee or the Claims Administrator, but not this Court.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated: New York, New York
November 4, 2009

## - Appearances -

**For Plaintiffs' Executive Committee:**

Stanley D. Bernstein, Esq.
Rebecca M. Katz, Esq.
Christian Siebott, Esq.
Bernstein Liebhard LLP
10 East 40th Street
New York, New York 10016
(212) 779-1414

Robert A. Wallner, Esq.
Ariana J. Tadler, Esq.
Peter G.A. Safirstein, Esq.
Neil Fraser, Esq.
Milberg LLP
One Pennsylvania Plaza
New York, New York 10119
(212) 946-9453

David Kessler, Esq.
Barroway Topaz Kessler Meltzer & Check LLP
280 King of Prussia Road
Radnor, Pennsylvania 19087
(610) 667-7706

Jules Brody, Esq.
Stull, Stull & Brody LLP
6 East 45th Street
New York, New York 10017
(212) 687-7230

Howard B. Sirota, Esq.
Sirota & Sirota LLP
260 Madison Avenue
New York, New York 10016
(212) 425-9055

Fred Taylor Isquith, Esq.
Thomas H. Burt, Esq.
Wolf Haldenstein Adler Freeman & Herz LLP
270 Madison Avenue
New York, New York 10016
(212) 545-4600

**Liaison Counsel for Underwriter Defendants:**

Gandolfo V. DiBlasi, Esq.
Penny Shane, Esq.
David M.J. Rein, Esq.
Richard J.L. Lamuscio, Esq.
Sullivan and Cromwell LLP
125 Broad Street
New York, New York 10004
(212) 558-4000

**Liaison Counsel for Issuer Defendants:**

Jack C. Auspitz, Esq.
Joel C. Haims, Esq.
Hilary M. Williams, Esq.
Angela T. Rella, Esq.
Reema S. Abdelhamid, Esq.
Morrison and Foerster LLP
1290 Avenue of the Americas
New York, New York 10104
(212) 468-8000