# BERNSTEIN LIEBHARD LLP
ATTORNEYS AT LAW
10 EAST 40TH STREET
NEW YORK, NEW YORK 10016

(212) 779-1414
FAX: (212) 779-3218
www.bernlieb.com

CHRISTIAN SIEBOTT
siebott@bernlieb.com



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/7/10

April 6, 2010

**BY HAND**

The Honorable Shira A. Scheindlin
United States District Judge
United States District Court
for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

Re: *In re Initial Public Offering Sec. Litig.*, 21 MC 92 (SAS)

Dear Judge Scheindlin:

*[Handwritten order:]* The objectors-appellants are hereby ordered to specify the cases in which they are class members and withdraw the Notice of Bankruptcy of Defendant Appellee to the extent it pertains to the master docket, 21 MC 92. The Clerk of the Court is directed to docket the objectors-appellants' respective notices of appeals only in the cases in which they are class members once they have so specified.

SO ORDERED
Date: 4/7/10
Shira A. Scheindlin
U.S.D.J.

On March 12, 2010, Regent Communications, Inc., an issuer defendant in one of the constituent cases that comprise the IPO Securities Litigation, filed a suggestion of bankruptcy in the Court of Appeals. *See* Ex. A (exhibit omitted). Then, on March 19, 2010, Objectors David Murray and Jackie Pio filed a "Notice of Bankruptcy of Defendant-Appellee" in this Court, reflecting the Regent filing. *See* Ex. B. The Murray and Pio notice was entered only on the master docket, *In re Initial Pub. Offering Sec., Litig.*, 21 MC 92, not on the docket of the individual case in which Regent is a defendant, *In re Regent Commc'ns, Inc. IPO Sec. Litig.*, 01 Civ. 10942. On March 29, 2010, Edward Siegel, counsel for a group of objectors-appellants, wrote an *ex parte* letter to the Court of Appeals stating that "[i]n light of the automatic stay required by the Bankruptcy Code, it is respectfully suggested that a suggested Briefing Schedule is impossible at this time." Ex. A.

The filing of these bankruptcy notices and the Siegel letter has led to some confusion in the Court of Appeals clerk's office, which may be operating under the misapprehension that all of the coordinated proceedings against all of the defendants could be stayed by the bankruptcy of this one defendant. This is wrong as a matter of law, and we have written to the Court of Appeals clerk's office to clarify. *See* Ex. C (exhibits omitted).

BERNSTEIN LIEBHARD LLP

The Honorable Shira A. Scheindlin
April 6, 2010
Page-2-

      Moreover, it is not clear that the bankruptcy of Regent Communications should have any bearing on the appeal at all. Based on the information provided in their objections, it appears that none of the objectors-appellants are members of the Regent Communications class.

      To assist in avoiding such confusion, we respectfully request that this Court direct the objectors-appellants to specify the cases in which they are class members, rather than just the miscellaneous case number (21 MC 92), and then also direct the Clerk of Court to docket the respective notices of appeals in the appropriate cases.

                                                  Respectfully submitted,

                                                  Christian Siebott

Enclosures

cc:    All counsel (by LexisNexis File&Serve)
        Theodore A. Bechtold, Esq. (by first class mail)
        Leland L. Greene, Esq. (by first class mail)
        Robert E. Margulies, Esq. (by first class mail)
        John J. Pentz, Esq. (by first class mail)
        Edward Siegel, Esq. (by first class mail)
        James Hayes, *pro se* (by first class mail)

30506v1

