**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------ X

**IN RE: INITIAL PUBLIC OFFERING**
**SECURITIES LITIGATION**

------------------------------------------------------ X

**MEMORANDUM**
**OPINION AND ORDER**

**MASTER FILE NO. 21 MC 92**
**(SAS)**

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

## I.    INTRODUCTION

On June 17, 2010, this Court ordered the fifty-eight Objectors[1] in this

action to post a $25,000 bond pending appeal to cover taxable costs pursuant to

Rule 7 of the Federal Rules of Appellate Procedure (the "June 17 Opinion").[2]  Each

Objector is jointly and severally liable for the bond.[3]  On June 25, 2010, Theodore

Bechtold, counsel for the Bechtold Objectors, filed a motion for reconsideration on

behalf of his clients.  For the following reasons, Bechtold's motion is denied.

---

[1]    All capitalized terms refer to those defined in the June 17 Opinion.
*See In re Initial Public Offering Sec. Litig.*, No. 21 MC 92, 2010 WL 2505677
(S.D.N.Y. June 17, 2010).

[2]    *See id.* at *5.

[3]    *See id.*

1

## II.   APPLICABLE LAW

Motions for reconsideration are governed by Local Rule 6.3 and are committed to the sound discretion of the district court.[4] A motion for reconsideration is appropriate where "'the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'"[5] A motion for reconsideration may also be granted to "'correct a clear error or prevent manifest injustice.'"[6]

The purpose of Local Rule 6.3 is to "'ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters.'"[7] Local Rule 6.3 must

---

[4]     *See Patterson v. United States*, No. 04 Civ. 3140, 2006 WL 2067036, at *1 (S.D.N.Y. July 26, 2006) ("The decision to grant or deny a motion for reconsideration is within the sound discretion of the district court.") (citing *McCarthy v. Manson*, 714 F.2d 234, 237 (2d Cir. 1983)).

[5]     *In re BDC 56 LLC*, 330 F.3d 111, 123 (2d Cir. 2003) (quotation omitted).

[6]     *RST (2005) Inc. v. Research in Motion Ltd.*, No. 07 Civ. 3737, 2009 WL 274467, at *1 (S.D.N.Y. Feb. 4, 2009) (quoting *Virgin Atl. Airways, Ltd. v. National Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)).

[7]     *Grand Crossing, L.P. v. United States Underwriters Ins. Co.*, No. 03 Civ. 5429, 2008 WL 4525400, at *3 (S.D.N.Y. Oct. 6, 2008) (quoting *S.E.C. v. Ashbury Capital Partners*, No. 00 Civ. 7898, 2001 WL 604044, at *1 (S.D.N.Y. May 31, 2001)). *Accord Commerce Funding Corp. v. Comprehensive Habilitation*

2

be "narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the Court."[8]  Courts have repeatedly been forced to warn counsel that such motions should not be made reflexively to reargue "'those issues already considered when a party does not like the way the original motion was resolved.'"[9]  A motion for reconsideration is not an "opportunity for making new arguments that could have been previously advanced,"[10] nor is it a substitute for appeal.[11]

## III.  DISCUSSION

Bechtold has not presented any matters that might reasonably be expected to alter this Court's June 17 Opinion.  Bechtold has not cited any controlling decisions that contradict this Court's imposition of the bond and has

---

*Servs., Inc.*, 233 F.R.D. 355, 361 (S.D.N.Y. 2005) ("[A] movant may not raise on a motion for reconsideration any matter that it did not raise previously to the court on the underlying motion sought to be reconsidered.").

[8]      *United States v. Treacy*, No. 08 CR 366, 2009 WL 47496, at *1 (S.D.N.Y. Jan. 8, 2009) (quotation marks omitted). *Accord Shrader v. CSX Transp. Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (holding that a court will deny the motion when the movant "seeks solely to relitigate an issue already decided").

[9]      *Makas v. Orlando*, No. 06 Civ. 14305, 2008 WL 2139131, at *1 (S.D.N.Y. May 19, 2008) (quoting *In re Houbigant, Inc.*, 914 F. Supp. 997, 1001 (S.D.N.Y. 1996)).

[10]     *Associated Press v. United States Dep't of Defense*, 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005).

[11]     *See Grand Crossing,* 2008 WL 4525400, at *3.

3

not pointed to any evidence that this Court overlooked.  Instead, he quarrels with

this Court's conclusions that he holds personal animus towards the IPO Executive

Committee, he is a serial objector, or has otherwise acted in bad faith.[12]  Bechtold

also contends that this Court erroneously concluded that the Bechtold Objectors

failed to present evidence that they are financially unable to post a bond.[13]

However, he does not identify any evidence in the record supporting his assertion

or any new evidence that would suggest that requiring his clients to post this bond

would create a manifest injustice.[14]  As a result, there is no reason for me to revisit

my June 17 Opinion.

Bechtold also claims that his clients are now discouraged from

pursuing their appeal in the face of posting a $25,000 bond because some (or all)

may be entitled to no more than ten dollars in recovery.[15]  He asks, "[w]hy would

any rational person be willing to put at risk thousands or even hundreds of Dollars"

---

[12]     *See* Bechtold Objectors' Motion Requesting Reconsideration of Order
Requiring Appeal Bond ("Bechtold Mem.") at 1-5.

[13]     *See id.* at 5.

[14]     I note that even if Bechtold had submitted new evidence of his clients'
inability to pay, this Court would not have been obligated to consider it, as any
such evidence could have been submitted in response to the initial motion for a
Rule 7 bond.

[15]     *See* Bechtold Mem. at 5-6.

4

when he or she is entitled to only a fraction of that amount under the terms of the settlement.[16]  Bechtold's assertion implies that it is the *Court* that has subjected his clients to this "risk" by ordering them to post a Rule 7 bond.  Yet, this is a "risk" that Bechtold's clients assumed when they filed their notice of appeal – as do all appellants.

The $25,000 Rule 7 bond I ordered in this case covers taxable costs. Taxable costs, as defined in Rule 39 of the Federal Rules of Appellate Procedure, are awarded to the successful party unless the law provides or the court orders otherwise (and assuming the prevailing party submits the requisite documentation).[17]  That means that if the Objectors are unsuccessful on appeal, there is a substantial likelihood that they will be required to pay some amount approximating $25,000 to cover the IPO Executive Committee's costs in defending the appeal.  Requiring Objectors to post a $25,000 bond pending the resolution of the appeal does no more than ensure that the IPO Executive Committee's costs are paid.  It creates no additional "risk" because if the Objectors are successful, then their $25,000 will be returned.  Similarly, if the IPO Executive Committee's costs are less than $25,000, then the Objectors are repaid the difference.

---

[16]     *Id.* at 6.

[17]     *See* Fed. R. App. P. 39(a), (d).

5

Finally, although this Court does not believe that a clarification is necessary, the Court reaffirms that *all* Objectors must *collectively* post a single $25,000 bond. It is not the case that each Objector must individually post a bond for $25,000 (although the Court recognizes the possibility – however remote – that one Objector conceivably could be liable for the entire amount if the other fifty-seven Objectors refused to comply with this Court's order). It is for the Objectors to determine how much each must post.

## IV.    CONCLUSION

For the foregoing reasons, Bechtold's motion for reconsideration is denied. The Clerk of the Court is directed to close this motion (Docket No. [undocketed] in action 21 MC 92).

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:     June 28, 2010
           New York, New York

6

## - Appearances -

### For Plaintiffs' Executive Committee:

Stanley D. Bernstein, Esq.
Rebecca M. Katz, Esq.
Christian Siebott, Esq.
Bernstein Liebhard LLP
10 East 40th Street
New York, New York 10016
(212) 779-1414

Robert A. Wallner, Esq.
Ariana J. Tadler, Esq.
Peter G.A. Safirstein, Esq.
Neil Fraser, Esq.
Milberg LLP
One Pennsylvania Plaza
New York, New York 10119
(212) 946-9453

David Kessler, Esq.
Barroway Topaz Kessler Meltzer &
Check LLP
280 King of Prussia Road
Radnor, Pennsylvania 19087
(610) 667-7706

Jules Brody, Esq.
Stull, Stull & Brody LLP
6 East 45th Street
New York, New York 10017
(212) 687-7230

Howard B. Sirota, Esq.
Sirota & Sirota LLP
260 Madison Avenue
New York, New York 10016
(212) 425-9055

Fred Taylor Isquith, Esq.
Thomas H. Burt, Esq.
Wolf Haldenstein Adler Freeman & Herz
LLP
270 Madison Avenue
New York, New York 10016
(212) 545-4600

**Liaison Counsel for Underwriter Defendants:**

Gandolfo V. DiBlasi, Esq.
Penny Shane, Esq.
David M.J. Rein, Esq.
Richard J.L. Lamuscio, Esq.
Sullivan and Cromwell LLP
125 Broad Street
New York, New York 10004
(212) 558-4000

**Liaison Counsel for Issuer Defendants:**

Jack C. Auspitz, Esq.
Joel C. Haims, Esq.
Hilary M. Williams, Esq.
Angela T. Rella, Esq.
Reema S. Abdelhamid, Esq.
Morrison and Foerster LLP
1290 Avenue of the Americas
New York, New York 10104
(212) 468-8000

**For the Greene Objectors:**

Leland L. Greene, Esq.
600 Old Country Road
Suite 229
Garden City, New York 11530
(516) 746-3800

**For the Siegel Objectors:**

Edward F. Siegel, Esq.
27600 Chagrin Blvd. #340
Cleveland, Ohio 44122
(216) 831-3424

**For the Pentz Objectors:**

John J. Pentz, Esq.
Class Action Fairness Group
2 Clock Tower Place, Suite 260G
Maynard, Massachusetts 01754
(978) 461-1548

**For the Weinstein Objectors:**

Jeffrey L. Weinstein, Esq.
The Weinstein Law Firm
518 East Tyler Street
Athens, Texas 75751
(903) 677-5333

**For the Bechtold Objectors:**

Theodore A. Bechtold, Esq.
310 94th Street, #319
Brooklyn, New York 11209
(570) 618-1610

**James J. Hayes (Pro Se)**
4024 Eastbrook Dr.
Annandale, Virginia 22003