# WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP

FOUNDED 1888

270 MADISON AVENUE
NEW YORK, NY 10016

212-545-4600

750 B STREET - SUITE 2770
SAN DIEGO, CA 92101

625 NORTH FLAGLER DRIVE
WEST PALM BEACH, FL 33401

WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLC
55 WEST MONROE STREET, SUITE 1111
CHICAGO, IL 60603

December 17, 2010

**VIA HAND DELIVERY**

The Honorable Shira A. Scheindlin
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: In re: Initial Public Offering Securities Litigation
Master File 21 MC 92 (SAS)
This Document Relates to All Coordinated Actions

Dear Judge Scheindlin:

Wolf Haldenstein Adler Freeman & Herz LLP ("Wolf Haldenstein"), a Member of the Executive Committee of Co-lead Counsel, respectfully seeks a pre-motion conference in connection with the fee proceeding currently pending before Your Honor pursuant to Your Honor's Individual Rules and Proceedings IIIA. The law firm of Brower Piven, P.C. and one of its partners (together "Piven") currently have before Your Honor a motion to approve its entitlement to the fees to which it has agreed for work done on the IPO Litigation as part of the allocation process. Piven is before this Court as counsel in the IPO Litigation, as one of Plaintiffs' Counsel.[1] In an action before Judge Sullivan, *Piven v. Wolf Haldenstein*, of C.V. 10578, Piven has recently sought discovery regarding the IPO Litigation and has made clear to Judge Sullivan that it intends, following the award of fees by Your Honor in the IPO Litigation, to seek before Judge Sullivan fees for the IPO Litigation in addition to those awarded by Your Honor, under an alleged, but denied, agreement with Wolf Haldenstein.

We ask Your Honor to direct Piven to bring to this Court all claims for fees arising from the IPO Litigation, pursuant to this Court's previous Orders and the Rules described in this letter.

## SUMMARY

Although the case before Judge Sullivan has been pending since December 5, 2008, the very first mention of an alleged fee-sharing arrangement between Piven and Wolf Haldenstein with respect to the IPO coordinated class actions was on November 5, 2010, when Piven served discovery requests on Wolf Haldenstein. Because the complaint in the action before Judge

---

[1] Daniel W. Krasner, a partner in Wolf Haldenstein, is also a party to the action before Judge Sullivan, and is counsel of record in the IPO Litigation. (This application is made also on his behalf.) ("Wolf Haldenstein" refers to the Firm and Mr. Krasner.)



*[Handwritten annotations by Judge Scheindlin, including:]* To the extent that the underlying attorneys' fees related to its work in the IPO directly, such claim will be decided by Wolf Haldenstein arising out of my alleged crediting between these parties will be heard by Judge Sullivan. So Ordered. SAS USDJ 12/23/10

*[Received stamp: DEC 17 2010, CHAMBERS OF SHIRA A. SCHEINDLIN U.S.D.J.]*

*[USDC SDNY DOCUMENT filing stamp: 1/13/11]*

Sullivan is silent as to the cases supposedly referred to WHAFH by Piven, and because no fees have been allocated by Your Honor, the specific claim to share the attorneys fees allocated to WHAFH for the referrals concerning the IPO cases has not ripened and, accordingly, has yet to be asserted. In contrast, since Your Honor is currently considering the allocation of fees and the Executive Committee of co-lead counsel has proposed a fee for Piven, Wolf Haldenstein respectfully submits that Your Honor should hear and determine the entirety of the fee to which Piven may be entitled for its work in the IPO Litigation. That issue should not be split between judges in this District.

We respectfully submit that any matters and issues regarding Piven's fees in the IPO Litigation are properly before Your Honor. Piven's attempt to sidestep Your Honor's Court should be rejected.

## STATUS

We have written to Judge Sullivan on December 10, 2010, a copy of which was sent to Your Honor, regarding the discovery requests. Judge Sullivan held a pre-motion conference on December 16, 2010, and Judge Sullivan was advised that we would be seeking the relief contained in this letter.

## BACKGROUND

On August 9, 2001, Chief Judge Mukasey transferred to Your Honor for pre-trial purposes a thousand or more securities class actions involving numerous issuers of securities.[2]

By Order of Your Honor of October 16, 2001, Wolf Haldenstein was appointed to the Plaintiffs' Executive Committee of co-lead counsel. The Executive Committee was vested with authority over the prosecution of the cases.

A settlement in the action was reached in September, 2008. On August 5, 2009, Your Honor granted final approval to the settlement and provided an award of total fees without providing specific amounts to the plaintiffs' firms.

The Court in its Order preliminary approving the settlement, and in each of the Orders with regard to the fee award, specifically retained jurisdiction of all follow-up proceedings of each of the 309 independent class actions (*See e.g.,* April 2010 Transcript. *See also* as an example, *In re Covad Communications Group, Inc., IPO Securities Litigation,* No. 1:01, CIV 05834 (November 20, 2009) ("Exclusive jurisdiction is hereby retained for the parties . . . for all matters relating to this action . . .").

In April, 2010, Your Honor directed the Executive Committee to recommend to this Court the allocation of the fee award among Plaintiffs' counsel. (*See* April 2, 2010 Conference). Subsequent Orders required that any disagreements from the proposed allocation be served by November 10, 2010.

---

[2] Order in *In re Initial Public Offering Securities Litigation*, No. 21 MC92 (SDNY Aug. 9, 2001).

WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP

The Honorable Shira Scheindlin
December 17, 2010
Page 3

On or about November 5, 2010, Piven entered into an agreement accepting a proposed fee allocation of $650,000 to be submitted to Your Honor. Several hours later, in the action before Judge Sullivan, Piven served the discovery requests concerning the IPO Litigation in the action. To assert a claim for fees other than before Your Honor would disregard Your Honor's Orders as well as the Federal Rules of Civil Procedure and the local rules of this Court.[3]

Piven has not filed any objection with this Court. Instead, hours after making its agreement, Piven served discovery in Judge Sullivan's case. In a letter to Judge Sullivan, Piven indicated it believes that it will be entitled to fees in addition to those Your Honor awards, or as agreed to with Committee, based upon alleged side agreements with Wolf Haldenstein.

Briefing is still pending in the fee proceedings. The Executive Committee is to respond to any objection by December 20, 2010, with replies to be filed on December 24, 2010. Your Honor has not issued any Order with respect to fees.

### CONCLUSION

In short, the matter is currently before Your Honor. For these reasons and to avoid litigation concerning the IPO Litigation and fees for Plaintiffs' Counsel in multiple litigations and/or contradictory decisions, and because we think that the proposed allocation fairly compensates Piven for its work in IPO Litigation, we bring this matter to Your Honor for resolution.

We respectfully request a pre-motion conference for an Order directing Piven not to bring claims relating to his entitlement to fees in the IPO Litigation other than before Your Honor.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/7/11

FTI:bf/646605.3

Respectfully submitted,

Fred Taylor Isquith

cc: Honorable Richard J. Sullivan
    Stanley Bernstein, Esq.
    (for the Plaintiffs' Counsel and for service on all Counsel via the website)
    Shawn P. Naunton, Esq., Counsel for Piven in the action before Judge Sullivan

---

[3] Piven has disregarded Federal Rule of Civil Procedure 23 and 54 which we respectfully submit mandate that Piven's IPO Litigation related fee claims be brought before Your Honor. A Rule 54(d)(2) fee motion is "the exclusive vehicle for obtaining attorney fee and expense award in a class action case." 5 Moore's Fed. Prac. § 23.124(6)(b)(i). Indeed, "no one may obtain attorney's fees and expenses through attempts to enforce [side] agreements outside of normal, Rule 54(d)(2) motions." *Id.* Once a court is confronted with evidence indicating the likelihood that the content of a case before it will substantially overlap another suit, "the court first seized should proceed without interference." *Mann Manufacturing, Inc. v. Hortex, Inc.*, 439 F.2d 403, 408 (5th Cir. 1971). In addition, Piven has never advised this Court that it has any alleged agreement for fee sharing with Wolf Haldenstein (or any other member of the Executive Committee) as Piven was required to do prior to the sending of notice to class members pursuant to Local Rule 23.1.