# FRIEDMAN KAPLAN SEILER & ADELMAN LLP

BRUCE S. KAPLAN
EDWARD A. FRIEDMAN
GARY D. FRIEDMAN
BARRY A. ADELMAN
ERIC SEILER
ROBERT D. KAPLAN
ANDREW W. GOLDWATER
ROBERT J. LACK
GREGG S. LERNER
WILLIAM P. WEINTRAUB
RICHARD M. HOFFMAN
SCOTT M. BERMAN
GERALD ADLER
ERIC CORNGOLD
HAL NEIER
PHILIPPE ADLER
LANCE J. GOTKO
KATHERINE L. PRINGLE
MERYL S. ROSENBLATT
DANIEL B. RAPPORT
DAVID I. TANENBAUM
HALLIE B. LEVIN
ANNE E. BEAUMONT
MARY E. MULLIGAN
EMILY A. STUBBS
KENT K. ANKER
AMY C. BROWN
RICARDO SOLANO JR.
JOHN N. ORSINI
JEFFREY R. WANG

7 TIMES SQUARE

NEW YORK, NY 10036-6516

TELEPHONE (212) 833-1100

FACSIMILE (212) 833-1250

WWW.FKLAW.COM

WRITER'S DIRECT DIAL
(212) 833-1120

WRITER'S DIRECT FAX
(212) 373-7920

E-MAIL
SSERMAN@FKLAW.COM

NORMAN ALPERT
ANDREW A. QUARTNER
ASAF REINDEL
    COUNSEL

JESSICA A. MURZYN
JEFFREY C. FOURMAUX
CHAD M. LEICHT
JASON C. RUBINSTEIN
MICHAEL A. GORDON
ROBERT S. LANDY
RICKIE M. SONPAL
STEVEN E. FRANKEL
L. REID SKIBELL
EAMONN O'HAGAN
DANIEL R. GREENBERG
SHEELA V. PAI
JESSICA RICHMAN SMITH
TIMOTHY M. HAGGERTY
PHILIP A. WELLNER
AMY K. PENN
GREGORY W. FOX
RAHUL AGARWAL
CHRISTOPHER M. COLORADO
KENNETH N. EBIE
KIZZY L. JARASHOW
CHRISTOPHER L. McCALL
YITZCHAK E. SOLOVEICHIK
CARI FAIS
SAUMYA MANOHAR

*[Handwritten order:]* The Government having indicated that it was no objection, Centennial's request is granted. A conference is scheduled for Monday, May 16, 2011 at 2:00 p.m. So ordered.

Shira A. Scheindlin
USDJ
5/11/11

April 7, 2011

BY HAND

The Honorable Shira A. Scheindlin
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

   Re: *In re: Initial Public Offering Securities Litigation*, 21-MC-92 (SAS)

Dear Judge Scheindlin:

   We represent Centennial Bank ("Centennial"), the assignee of the fees and costs awarded to Cauley Bowman PLLC (the "Cauley firm") and Carney Williams Bates Bozeman & Pulliam PLLC's (the "Carney firm") in the above-referenced case. Under paragraph 42 of the Stipulation and Agreement of Settlement (the "Stipulation") a plaintiffs' firm may receive its share of the attorneys fees before the Stipulation becomes final – that is, before all appeals from and collateral attacks to the Stipulation have been exhausted – if the firm posts a letter of credit ("LOC") with the escrow agent responsible for the settlement funds. Because the paragraph 42 of the Stipulation refers to "Plaintiffs' Counsel" and not banks, and because a restitution order has been entered against S. Eugene Cauley ("Cauley") in a separate criminal case, the Plaintiffs' Executive Committee suggested that Centennial move this Court for entry of an order authorizing Centennial to collect the Cauley and Carney firms' fees before Centennial posts the required LOC. Pursuant to Rule IV.A of the Court's Individual Rules and Procedures, we write to request a pre-motion conference.

FRIEDMAN KAPLAN SEILER & ADELMAN LLP

The Honorable Shira A. Scheindlin        - 2 -                                April 7, 2011

Background

At the outset of this litigation, the Cauley firm, then operating as Cauley Geller Bowman & Rudman LLP, represented the lead plaintiffs in 77 of the individual class actions, and the lead plaintiffs in 15 of the consolidated class actions. The Cauley firm was appointed by the Plaintiffs Executive Committee to the Steering and Discovery Committees.

On May 1, 2004, Paul Geller ("Geller") left the Cauley firm. Geller signed a Memorandum of Understanding ("MOU") with the Cauley firm providing that he would receive his equity share of the net attorneys fees awarded to the Cauley firm for work done in the above-referenced case prior to May 1, 2004, and 12.5% of the net fees awarded for work done thereafter. The Cauley firm was reorganized as Cauley Bowman PLLC.

On August 1, 2007, the law firm of Carney Williams Bates Bozeman & Pulliam PLLC was created and signed an MOU with the Cauley firm that contemplated that the Carney firm would work in the *IPO Securities Litigation* matter. The Cauley firm continued to operate as Cauley Bowman PLLC.

On August 29, 2008 and May 29, 2009, Centennial loaned $12.5 million and $1.5 million respectively to Cauley and the Cauley firm. To secure payment for the loan, Cauley and the Cauley firm jointly executed a Pledge and Security Agreement that, *inter alia*, assigned the Cauley firm's share of the attorneys fees in the above-referenced case to Centennial.

Cauley was charged with wire fraud and criminal contempt on June 1, 2009. *See* Information, *USA v. Cauley*, 09-cr-551 (PAC) (S.D.N.Y June 1, 2009). On November 24, 2009, Cauley pleaded guilty and was sentenced to 86 months in prison and $8.8 million in restitution. *See* Judgment and Restitution Order, *USA v. Cauley*, 09-cr-551 (PAC) (S.D.N.Y Nov. 24, 2009).

In the *IPO Securities Litigation*, this Court directed the Plaintiffs' Executive Committee to propose a plan for dividing the total awarded fees and costs amongst all plaintiffs' counsel. On October 8, 2010, the Plaintiffs' Executive Committee circulated a proposal that allocated $3,375,105.42 in fees and costs to the Cauley firm and $543,827.45 in fees and costs to the Carney firm.

On March 2, 2011, Centennial Bank and the Carney firm entered into an agreement providing that Centennial is entitled to the $3,375,105.42 in fees and costs allocated to the Cauley firm and the $543,827.45 in fees and costs to the Carney firm. On March 5, 2011, Centennial Bank and Geller agreed that Centennial Bank should be paid the fees allocated to the Cauley firm in this case and then transfer $873,757.00 in fees to Geller.

A year ago, a member of the Plaintiffs' Executive Committee suggested that Christopher Garcia ("Garcia"), the Assistant US Attorney assigned to Cauley's criminal case, should be notified of any proposed distribution of attorneys fees to the Cauley firm in this case.

FRIEDMAN KAPLAN SEILER & ADELMAN LLP

The Honorable Shira A. Scheindlin     - 3 -     April 7, 2011

Centennial immediately contacted Garcia and, at his request, provided him with the loan documents that establish that Centennial has a first and perfected security interest in the Cauley firm's share of the attorneys fees in this case. Centennial also provided Garcia with documentation establishing that Cauley's restitution order, as registered in the Eastern District of Arkansas, does not apply to personal property such as the attorneys' fees and cost reimbursements in this action. Since providing that information, Centennial has made several attempts to follow-up with Garcia by telephone and e-mail to determine if the United States Attorney's Office for the Southern District of New York has any interest in the fees allocated to the Cauley firm. There has been no response from that office.

Requested Relief

Centennial has obtained a LOC that satisfies the terms of the Stipulation. The Plaintiffs' Executive Committee has informed Centennial that it has no objection to Centennial collecting those fees or to this letter. Centennial respectfully requests a conference in advance of making a motion for an order authorizing Centennial to collect the fees allocated to the Cauley and Carney firms.

OK

Respectfully submitted,

Scott M. Berman

cc:     Stanley D. Bernstein, Esq. (by e-mail and first class mail)
        Eugene Cauley, Esq. (by e-mail and overnight mail)
        J. Allen Carney, Esq. (by e-mail and overnight mail)
        Christopher Garcia, Esq. (by hand)
        Paul Geller, Esq. (by e-mail and overnight mail)