James J. Hayes
4024 Estabrook Dr.
Annandale, VA 22003

June 14, 2011

Hon. Shira A. Scheindlin
United States District Court
Southern District of New York
500 Pearl Street, Rm 1620
New York, NY 10007

Re: Initial Public Offering Litigation, 21 MC 92 (SAS)

Dear Judge Scheindlin:

I am writing regarding the Second Circuit order for this Court to establish my class membership in the above captioned class actions.

I am a member of two classes: Tut Systems Inc. and Decode Genetics, having purchased both securities during the respective class periods stipulated by the plaintiffs and defendants. The Settlement Notice ("N.") explains that those purchasing the Subject Securities during the Settlement Class Periods, unless excluded from the class by definition, are a "member of one or more of the Settlement Classes." (N. 7) Those excluded by definition include those receiving an allocation of the Subject Securities from the "institutional pot" in the IPO of any of the Subject Securities. The Notice lists six other groups excluded from the class by definition. (N. 8) Because I am not excluded by definition, I am a class member in the Tut Systems and Decode Genetics classes, having purchased these stocks during the respective class periods.

The plaintiffs argue that I am not a member of Decode Genetics class because I did not experience a loss; however experiencing a loss, while a requirement for receiving an allocation in the Settlement Fund, is not a requirement for class membership. This is necessarily so because class members have a right to "object to the Settlement if you do not like any part of it." (N. 12) If incurring a loss were a requirement of class membership, then those not incurring a loss could not object to the loss requirement for receiving an allocation from the settlement fund. This would foreclose, for example, an objection, arguing that a decrease in artificial inflation during ownership as a measure of damages entitling a class member an allocation of the Settlement Fund. It would also foreclose my objection that the plaintiffs' miss-defined the class period in all 309 Settlement Classes, the representation of class counsel and the class representatives were inadequate, and this inadequate representation miss-allocates a couple of hundred million dollars, more or less, to non-class members.

The plaintiffs do not challenge my membership in the Tut Systems class, but argue that because my letter did not identify Tut Systems as a Subject Security I had purchased, my objection is somehow invalidated. This could only be true, if I were belatedly trying to argue an objection unique to Tut Systems. My principal objection, however, which was considered by the Court, is that the common end date of December 6, 2000 for all 309 classes is an arbitrary date that extended the class periods beyond the time in which the Subject Securities contained any artificial inflation. My objection is valid

---

*[Handwritten annotation:]* The clerk of the court is directed to docket this letter of James J. Hayes which relates to this Court's order of July 20, 2011 [Docket No. 6289] /s/ ordered.

Shira A. Scheindlin
USDJ
8/2/11

because it was timely, stated reasons for the objection, and because I am a member of the Tut Systems and Decode Genetics Settlement Classes, regardless of whether I correctly identified all the Subject Securities I had purchased in my objection letter.

The only requirements for Settlement Class Member to have an objection considered by the Court is they "do not exclude [themselves] from that Settlement Class [and] send a letter saying that you object to the proposed Settlement [which is] postmarked no later than **August, 10 2009**." (N. 12) (Emphasis in Notice.) Objectors are reminded to "include your name, address, telephone number and your signature, identify the security or securities you purchased, and state the reasons you object to the Settlement," but no where does the notice even suggest that if the identifying information is erroneous or incomplete that this would prevent or invalidate the Court's consideration of the objection. (*Id.* 12)

Nor does the Notice indicate any consequences if the objection letter does not supply all the identity information, i.e., provides the objector's name, address, telephone number, but is incomplete, or incorrect with respect to the securities purchased during the class period. Like many class members, I did not receive notice for several of the 309 Subject Securities I purchased during the respective class periods, including Tut Systems, while receiving notices for Ticketmaster and JNI Corp., which were apparently not purchased during the respective class periods. (See attached Summary "Frontispiece")

The plaintiffs disingenuously argue their indefinite right to challenge my standing to appeal objections rejected by the Court when my objecting letter identifies Subject Securities I did not purchase during the class period, while arguing that I don't have the same opportunity to include Subject Securities purchased during the class period, which I somehow found twelve years after the fact in response to their challenge. The Second Circuit, however, by requesting this Court to simply determine my class memberships, reserves for itself, the related question of appellate standing. Consequently, I request this Court to find my class membership in Tut Systems and Decode Genetics.

Respectfully Submitted,

*James J. Hayes*
James J. Hayes

c.

Stanley D. Bernstein
Jack C. Auspitz
Gandolfo V. DiBlasi

2

## SUMMARY "FRONTISPIECE" - PLEASE READ THIS FIRST

IPO0470962743



Claim Number: 16364382
Control Number: 2574729383

CAROLINA SHAREHOLDERS
JAMES J HAYES PARTNER
JAMES J HAYES SR PARTNER
4024 ESTABROOK DR
ANNANDALE VA  22003-2411

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| IN RE INITIAL PUBLIC OFFERING SECURITIES LITIGATION | 21 MC 92 (SAS) |
|---|---|
| THIS NOTICE RELATES TO: | |
| IN RE TICKETMASTER ONLINE-CITYSEARCH | 01 Civ. 10822 |

### TO PURCHASERS OF TICKETMASTER ONLINE-CITYSEARCH COMMON STOCK

IF YOU PURCHASED OR OTHERWISE ACQUIRED COMMON STOCK OF TICKETMASTER ONLINE-CITYSEARCH DURING THE PERIOD DECEMBER 2, 1998 THROUGH DECEMBER 6, 2000 (THE "CLASS PERIOD"), YOU MAY BE A MEMBER OF A SETTLEMENT CLASS AND YOUR RIGHTS MAY BE AFFECTED BY A PROPOSED SETTLEMENT.

As described more fully in the accompanying Notice of Pendency and Proposed Global Settlement of 309 Class Actions, Motion for Approval of Settlement, Plan of Designation, Attorneys' Fees and Expenses, PSLRA Awards of Reimbursement of Representatives' Time and Expenses and Settlement Fairness Hearing (the "Settlement Notice"), a settlement for a total of $586 million has been proposed with respect to 309 coordinated class actions (including this Action) involving securities sold during the Class Periods.

Of the total settlement amount, $2,696,084 has been designated for settlement of the TICKETMASTER ONLINE-CITYSEARCH action, for an average estimated recovery of $0.0294 per damaged share purchased or otherwise acquired during the Class Period, before deduction of attorneys fees and expenses.[1]

Plaintiffs' Executive Committee are moving for reimbursements of expenses of up to $56 million and for PSLRA Award Requests to reimburse proposed Settlement Class Representatives and/or Lead Plaintiffs for reasonable time and expenses incurred as a result of representing the proposed Settlement Classes in an amount not to exceed $4 million and estimate that notice and administrative costs could be as much as $27.5 million. In addition, Plaintiffs Executive Committee will be seeking an overall award of attorneys' fees in the amount of one third of the Gross Settlement Fund recovered, including interest earned at the same net rate as the Gross Settlement Fund. The requested amount of attorneys' fees and expenses from the recovery in this Action from this Settlement would average approximately $0.0142 per share of TICKETMASTER ONLINE-CITYSEARCH common stock estimated to be damaged during the Class Period.

NOTE: This is an introductory summary only. Included with this package is the full Settlement Notice. Please read the full Settlement Notice. The full terms of the settlement stipulation and other information may be viewed by visiting **www.iposecuritieslitigation.com**.

To participate in the Settlement, you must submit a Proof of Claim no later than December 10, 2009. If you are a member of the Settlement Classes and do not exclude yourself from the Settlement Classes, you will be bound by the Orders and Final Judgments of the Court. To exclude yourself from the Settlement Classes, you must submit a request for exclusion postmarked no later than August 10, 2009.

If you are a member of the Settlement Classes, you may object to the Settlement. To object, you must file your objection with the Court and serve copies on counsel no later than August 10, 2009, in accordance with the procedures described in the Settlement Notice.

---

[1] An allegedly damaged share might have been traded more than once during the Class Period, and the indicated average recovery would be the total for all purchasers of that share. Your actual recovery will vary depending upon the number of class members who file claim forms, how many shares you purchased or acquired during the Class Period, how much you paid for these securities, and when you purchased and whether and when you sold such securities and if so, for how much you sold them.