UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------- X

IN RE: INITIAL PUBLIC OFFERING
SECURITIES LITIGATION

------------------------------------------------- X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/25/11

**MEMORANDUM OPINION
AND ORDER**

**MASTER FILE
NO. 21 MC 92 (SAS)**

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

By orders dated May 17, 2011 and July 12, 2011,[1] the Second Circuit

remanded to this Court three appeals of James J. Hayes – the sole remaining

objector to the $586 million global settlement reached in this case after nearly a

decade of litigation, and approved by this Court in October of 2009.[2] The Second

Circuit directed this Court "to determine whether *pro se* objector Hayes is a class

member."[3]

In order to be a class member, Hayes must have "purchased or

otherwise acquired any of the Subject Securities at issue in such case during the

---

[1]     *See* Docket Nos. 6282, 6287.

[2]     *See In re IPO Sec. Litig.*, 671 F. Supp. 2d 467 (S.D.N.Y. 2009). In
granting plaintiffs' motion for final approval of the proposed settlement and for an
award of attorneys' fees, I rejected Hayes' objections to the settlement. I did not
address whether Hayes was a class member (and therefore had standing to object to
the settlement). *See id.* at 493-94.

[3]     Docket No. 6287.

-1-

Settlement Class Period applicable to such Action and *[have been] damaged thereby*."[4]  Hayes originally objected to the settlement based on his assertion of membership in three IPO settlement classes: (1) *In re JNI Corp. IPO Securities Litigation* ("JNI"),[5] (2) *In re Ticketmaster Online IPO Securities Litigation* ("Ticketmaster"),[6] and (3) *In re deCode Genetics, Inc. IPO Securities Litigation* ("deCode").[7]  However, he now confesses – for the first time in over two years – that he did not purchase the stock of JNI or Ticketmaster during the class period.[8]  As for deCode, his (untimely) submission of a "CSFBDIRECT brokerage

---

[4]        *In re IPO Sec. Litig.*, 671 F. Supp. 2d at 472 (emphasis in original).

[5]        01 Civ. 101740.

[6]        01 Civ. 10822.

[7]        01 Civ. 11219.  *See* 8/10/09 James J. Hayes Objection to Settlement Class Certification, Settlement Adequacy and Attorney Fee Award, Ex. B. to the Declaration of Christian Siebott in Support of Plaintiffs' Response to this Court's July 20, 2011 Order Addressing Whether *Pro Se* Objector James J. Hayes Is a Class Member ("Siebott Decl."), at 1

[8]        *Compare* 6/14/11 Letter from James J. Hayes to the Court ("6/14/11 Hayes letter"), Ex. I to Siebott Decl., at 2 (emphasis added) (explaining that he "receiv[ed] [Settlement] Notices for Ticketmaster and JNI Corp., *which were apparently not purchased during the respective class periods*") *with* 3/9/11 Letter from James J. Hayes to the Court ("3/9/11 Hayes letter"), Ex. G to Siebott Decl., at 1 ("Hayes also asserts membership in several other classes, including Decode [] and Ticketmaster [], on the basis of his trades during the class period.").

statement[]"[9] shows that he suffered no loss in association with his alleged purchase of 300 shares of that stock.[10]  Because he was not "damaged" by his purchase of deCode stock, he falls outside the definition of a class member, and therefore lacks standing to object to the settlement on that basis.[11]

However, Hayes now asserts that he is a class member based on his alleged purchase of stock in Tut Systems, Inc. ("Tut Systems"), another of the 309 issuers whose securities are at issue in this litigation.[12]  As noted above, in his original objections to the proposed settlement, Hayes did not assert membership in the Tut Systems class.  Only after this Court ordered Hayes to show cause "why an

---

[9]     8/8/11 Letter from James J. Hayes to the Court ("8/8/11 Hayes letter"), Appendix A.

[10]     See James J. Hayes 2000 Tax Information Statement, Exhibit to 8/8/11 Hayes letter.

[11]     See Fed. R. Civ. P. 23(e)(5) (emphasis added) ("Any *class member* may object to the [settlement] proposal . . ."); *In re Drexel Burnham Lambert Grp., Inc.*, 130 B.R. 910, 923 (S.D.N.Y. 1991), *aff'd*, 960 F.2d 285 (2d Cir. 1992) ("Only Class members have standing to object to the Settlement of a class action" because "[o]bjectors who are non-Class members lack standing to object to the fairness, reasonableness and adequacy of the Settlement."); *see also In re AOL Time Warner, Inc.*, No. MDL 1500, 02 Civ. 5575, 2006 WL 903236, at *15 n.17 (S.D.N.Y. Apr. 6, 2006) (citing *New York v. Reebok Int'l Ltd.*, 96 F .3d 44, 47 (2d Cir. 1996)) (summarily dismissing objector whose account statements demonstrated a profit on the subject securities, holding "[w]ithout an injury, Heyburn does not have standing to object").

[12]     See 6/14/11 Hayes letter; 3/9/11 Hayes letter at 1.

Order should not be issued dismissing his motion to reduce the Appeal Bond for lack of standing" and to "furnish proof to the Court that he is in fact a class member"[13] did he submit "proof of membership for the Tut Systems class."[14]  That "proof" consisted of a "portion[] of his 1999 personal income tax form reporting a $2,317 trading loss in Tut Systems, Inc. during the class period."[15]

Hayes' proof fails to establish his class membership for two reasons. *First*, it is untimely.  Although Hayes timely objected to the JNI, Ticketmaster, and deCode settlements – all of which he lacked standing to object to – he failed to "identify" Tut Systems among the "securities [he] purchased," as required by the Notice of Pendency and Proposed Global Settlement.[16]  Nor did he submit a proof of claim form for Tut Systems.[17]  Although this Court considered Hayes'

---

[13]    Docket No. 6260.

[14]    3/9/11 Hayes letter.

[15]    *Id.* (footnote omitted).  *See* James J. Hayes 1999 Schedule D (Form 1040), Exhibit to 3/9/11 Hayes letter.

[16]    Notice of Pendency and Proposed Global Settlement, Ex. A to Siebott Decl., at 12.

[17]    *See* Proof of Claim and Release, *In re IPO Sec. Litig.*, *available at* http://iposecuritieslitigation.com/poc.pdf, § D (requiring putative class members to represent that they "have enclosed photocopies of the stockbroker's confirmation slips, stockbroker's statements, or other documents evidencing each purchase, sale or retention of the Subject Securities transactions listed above in support of my claim.  (IFANY SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN A COPY OR EQUIVALENT DOCUMENTS FROM YOUR

objections on the merits, he lacked standing to assert those objections on the basis

of membership in the JMI, Ticketmaster, and deCode classes at the time he

objected.  His after-the-fact assertion of membership in a wholly different class

cannot cure this deficiency in standing.[18]  The time to object to the Tut Systems

settlement has long passed.  Because Hayes submitted no evidence whatsoever of

the sole basis for his alleged class membership until roughly two years after the

deadline to do so – nor referenced that alleged class membership in his objections –

he has given up his "legal rights and options in this settlement."[19]  He is not a

---

BROKER BECAUSE THESE DOCUMENTS ARE NECESSARY TO PROVE AND PROCESS YOUR CLAIM.)").

[18]    *Accord Feder v. Electronic Data Sys. Corp.*, 248 Fed. Appx. 579, 581, 2007 WL 2800135, at *2 (5th Cir. 2007) ("[W]here the proof of claims period has closed and the settlement has been finally approved by the district court, the burden of proving class membership cannot be satisfied by the appellant's unsupported assertions of class membership.  [Appellant] did not submit a proof of claim form.  Nor did he provide the documentary evidence required by the claim form to support his contention that he bought or sold EDS stocks during the class period.  His objection did not include the required information as to the number or type of EDS securities that [appellant] alleges to have dealt in during the period.").

[19]    Notice of Pendency and Proposed Global Settlement at 1 (explaining that "[t]he only way to get payment" is to "submit a claim form by December 10, 2009"; that the deadline to object is August 10, 2009; and that if putative class members "do nothing" they "get no payment" and "give up rights").  *See In re Air Cargo Shipping Servs. Antitrust Litig.*, 09-4813-cv (2d Cir. Apr. 6, 2010), Ex. M to Siebott Decl. (dismissing an appeal for lack of standing because an objector to a class action settlement "did not file a claim to a portion of the settlement fund"); *Braud v. Transport Serv. Co. of Ill.*, Nos. 05-1898, 05-1977, 05-5557, 06-0891, 2010 WL 3283398, at *5 (E.D. La. Aug. 17, 2010) (rejecting plaintiffs' objections

member of any class.

Second, even if Hayes' proof of class membership were timely, it is insufficient. Not only does Hayes' unsigned, unsworn, unauthenticated 1999 tax form fall short of the documentation required to support a proof of claim;[20] it also falls short of establishing Hayes' class membership by a preponderance of the evidence.[21] "Allowing someone to object to settlement in a class action based on this sort of weak, unsubstantiated evidence would inject a great deal of unjustified uncertainty into the settlement process."[22] For all of these reasons, I hold that Hayes is not a class member.

---

to class settlement where "[t]here is no evidence in the record that putative plaintiffs filed timely proof of claim forms" because "[i]t is axiomatic that one must file a proof of claim form to become a member of a class").

[20]     See Proof of Claim and Release § D.

[21]     See Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992) (holding that standing "must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation"); see also In re WorldCom, Inc. Sec. Litig., 388 F. Supp. 2d 319, 340 (S.D.N.Y. 2005) (holding that objector lacked standing to object to settlement where she "submitted a 'Notice Regarding the Court's Inquiry Regarding Standing' reaffirming that [she] had an out-of-pocket loss arising from her purchase of WorldCom securities during the Class Period" but failed to submit a proof of claim).

[22]     Feder, 248 Fed. Appx. at 581.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:      August 25, 2011
            New York, New York

-7-

**- Appearances -**

**For Plaintiffs' Executive Committee:**

Stanley D. Bernstein, Esq.
Rebecca M. Katz, Esq.
Christian Siebott, Esq.
Bernstein Liebhard LLP
10 East 40th Street
New York, New York 10016
(212) 779-1414

Robert A. Wallner, Esq.
Ariana J. Tadler, Esq.
Peter G.A. Safirstein, Esq.
Neil Fraser, Esq.
Milberg LLP
One Pennsylvania Plaza
New York, New York 10119
(212) 946-9453

David Kessler, Esq.
Barroway Topaz Kessler Meltzer &
Check LLP
280 King of Prussia Road
Radnor, Pennsylvania 19087
(610) 667-7706

Jules Brody, Esq.
Stull, Stull & Brody LLP
6 East 45th Street
New York, New York 10017
(212) 687-7230

Howard B. Sirota, Esq.
Sirota & Sirota LLP
260 Madison Avenue
New York, New York 10016
(212) 425-9055

Fred Taylor Isquith, Esq.
Thomas H. Burt, Esq.
Wolf Haldenstein Adler Freeman & Herz
LLP
270 Madison Avenue
New York, New York 10016
(212) 545-4600

**Liaison Counsel for Underwriter Defendants:**

Gandolfo V. DiBlasi, Esq.
Penny Shane, Esq.
David M.J. Rein, Esq.
Richard J.L. Lamuscio, Esq.
Sullivan and Cromwell LLP
125 Broad Street
New York, New York 10004
(212) 558-4000

**Liaison Counsel for Issuer Defendants:**

Jack C. Auspitz, Esq.
Joel C. Haims, Esq.
Hilary M. Williams, Esq.
Angela T. Rella, Esq.
Reema S. Abdelhamid, Esq.
Morrison and Foerster LLP
1290 Avenue of the Americas
New York, New York 10104
(212) 468-8000

**Copy to:**

James J. Hayes (pro se)
4024 Estabrook Drive
Annadale, Virginia 22003

James J. Hayes (pro se)
200 Homewood Ave.
Greensboro, NC 27403

# Appendix A

James J. Hayes
4024 Estabrook Dr.
Annandale, VA 22003

August 8, 2011

Hon. Shira A. Scheindlin
United States District Court
Southern District of New York
500 Pearl Street, Rm 1620
New York, NY 10007

Re: Initial Public Offering Litigation, 21 MC 92 (SAS)

Dear Judge Scheindlin:

I first learned of the Court's July 20, 2011 Order today when it was included as an exhibit in the plaintiffs' August 5, 2011 response. Had I received that order, I would have submitted proof of my transactions in Decode Genetics Inc. The attached copies of my CSFBDIRECT brokerage statements show that I purchased 300 shares on 8/18/2000 and sold those shares on 9/20/2000. These transactions are within the class period, which begins on 7/16/2000 and ends on 12/6/2000.

Respectfully submitted,

James J. Hayes, Pro Se

c. Stanley D. Bernstein

Attachment: CSFB Statements

**2000**

Account Number: ███████

Recipient's Name and Address:

# YOUR TAX INFORMATION

Recipient's Identification
Number ███████

JAMES J HAYES
4024 ESTABROOK DR

# STATEMENT

---

## Summary Of Transactions We Do Not Report To The IRS (See enclosure for additional information)

| | Amount |
|---|---|
| Equity Options Transactions | |
|     Equity Options Proceeds and Expirations ............................................................................ | ██████ |
| Securities Purchased | |
|     Net Cost of Securities Purchased .......................................................................................... | ██████ |
| Margin Interest Expense Charged to Your Account ............................................................................ | |

---

## 2000 Form 1099-B   PROCEEDS FROM BROKER AND BARTER EXCHANGE TRANSACTIONS   OMB No. 1545-0715
(For individuals, report details on Form 1040; Schedule D; Line 1 or 8.)

This is important tax information and is being furnished to the Internal Revenue Service. If you are required to file a return, a negligence penalty or other sanction may be imposed on you if this income is taxable and the IRS determines that it has not been reported.

| Description (Box 5) | CUSIP (Box 1b) | Trade/Process Date (Box 1a) | Quantity | Proceeds (Less Commissions & Fees) (Box 2) | Federal Income Tax Withheld (Box 4) |
|---|---|---|---|---|---|
| FRUIT OF THE LOOM LTD SHS A ISIN#KYG3682L1089 | G3682L105 | 12/28/2000 | 1,000 | 144.99 | |
| ADVANCED DIGITAL INFO CORP | 007525108 | 12/15/2000 | 1,000 | 19,979.33 | |
| BOB EVANS FARMS INC | 096761101 | 02/11/2000 | 1,000 | 15,166.99 | |
| DANKA BUSINESS SYS PLC ADR | 236277109 | 12/27/2000 | 1,000 | 292.48 | |
| DECODE GENETICS INC COM | 243586104 | 09/20/2000<br>09/20/2000 | 100<br>200 | 2,780.75<br>5,561.47<br>--------<br>8,342.22 | |
| DIONEX CORP | 254546104 | 07/10/2000<br>07/10/2000 | 500<br>500 | 14,239.53<br>14,239.52<br>--------<br>28,479.05 | |
| DONALDSON LUFKIN & JENRETTE INC DLJDIRECT COM | 257661504 | 09/14/2000 | 500 | 3,823.62 | |

2000

| Account Number: ■■■■ | Recipient's Name and Address: |
|---|---|

**YOUR TAX INFORMATION STATEMENT**

Recipient's Identification Number ■■■■

JAMES J HAYES
4024 ESTABROOK DR

## TRANSACTIONS WE DO NOT REPORT TO THE IRS

### EQUITY OPTIONS TRANSACTIONS (Continued)

| Description | Expiration Date/ Strike Price | Trade/Process Date | Transaction Type | Quantity | Purchase Amount | Proceeds |
|---|---|---|---|---|---|---|
| CALL  100 TEKELEC CUSIP:  8791019CJ | EXP 03-18-00 @ 50 | 02/28/2000 03/20/2000 | Sell Open Expiration | 10 10 | | 3,572.37 .00 |
| | | | | | | 3,572.37 |
| Total | | | | | .00 | 12,544.77 |

### SECURITIES PURCHASED

| Description | CUSIP | Trade/Process Date | Quantity | Net Cost | Accrued Interest Purchased Amount | Security Type |
|---|---|---|---|---|---|---|
| GALILEO TECHNOLOGY LTD SHS ISIN#IL0010825029 | M47298100 | 01/19/2000 01/19/2000 | 500 500 | 10,916.25 10,947.50 | | |
| | | | | 21,863.75 | | |
| RADVIEW SOFTWARE LTD SHS | M81867109 | 08/09/2000 | 100 | 1,000.00 | | |
| ADVANCED DIGITAL INFO CORP | 007525108 | 08/18/2000 08/18/2000 | 200 800 | 2,204.00 8,816.00 | | |
| | | | | 11,020.00 | | |
| BOSTON BEER INC CLASS A | 100557107 | 11/02/2000 11/02/2000 | 300 700 | 2,443.50 5,701.50 | | |
| | | | | 8,145.00 | | |
| DECODE GENETICS INC COM | 243586104 | 08/18/2000 | 300 | 8,307.50 | | |
| DIONEX CORP | 254546104 | 07/07/2000 07/07/2000 | 500 500 | 11,260.00 11,260.00 | | |
| | | | | 22,520.00 | | |