USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/24/12

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

IN RE INITIAL PUBLIC OFFERING SECURITIES LITIGATION

21 MC 92 (SAS)

This document relates to:
ALL ACTIONS

---

[Proposed] **CLASS DISTRIBUTION ORDER**

**WHEREAS**, on October 5, 2009, this Court entered an *Opinion and Order* in this coordinated class action litigation approving the terms of the *Stipulation and Agreement of Settlement*, dated April 2, 2009 (the "Stipulation"), including the *Plan of Allocation* for distributing the 309 Net Designation Amounts[1] to Class Members who submit acceptable *Proofs of Claim* ("POCs"), and directed the parties to consummate the settlement in accordance with the Stipulation's terms; and

**WHEREAS**, all appeals from the approval of the Stipulation and Plan of Allocation have been resolved in favor of the Stipulation and the Plan of Allocation and by January 2012, the Settlement reached its "Effective Date"[2] and is no longer subject to revision or reversal on any appeal or other review; and

**WHEREAS**, this Court has directed the parties to consummate the terms of the Stipulation and the Plan of Allocation; and

---

[1] As defined in the July 2, 2009 *Notice of Pendency and Proposed Global Settlement of 309 Class Actions, Motion for Approval of Settlement, Plan of Allocation, Attorneys' Fees and Expenses, PSLRA Awards of Reimbursement of Representatives' Time and Expenses and Settlement Fairness Hearing* (the "Settlement Notice").

[2] As defined in the Stipulation.

**WHEREAS**, this Court has retained jurisdiction of the above-captioned coordinated class action litigation (the "Actions") for the purpose of considering any further application or matter which may arise in connection with the administration and implementation of the Settlement and the processing of the POCs and the distribution of the 309 Net Designation Amounts to the Class Members whose POCs have been accepted ("Authorized Claimants") and who have Recognized Claims[3] from transactions in the Subject Securities[4] applicable to the Net Designation Amounts allocated to the Subject Securities they purchased;

**NOW, THEREFORE**, upon reading and filing the *Declaration of Stephen J. Cirami* (the "Cirami Declaration") of The Garden City Group ("GCG"), and the *Joint Declaration of Stanley D. Bernstein and Ariana J. Tadler, of Plaintiffs' Executive Committee* (the "Joint Declaration"), and the *Memorandum of Law* submitted in support of this Motion, and upon all prior proceedings herein and after due deliberation, it is hereby

**ORDERED**, that POCs submitted after October 10, 2009, the original deadline set by the Court's *Preliminary Order in Connection with Settlement Proceedings*, dated June 11, 2009 (the "Preliminary Order"), through and including February 9, 2012, the final extended deadline as provided by the Court's *Order Authorizing the Claims Administrator to Process all Proofs of Claim it Received on or Before February 9, 2012*, dated February 9, 2012, be and the same hereby are deemed timely; and it is further

**ORDERED**, that no claim submitted after February 9, 2012 may be accepted for any reason whatsoever; and it is further

---

[3]  As defined in the Settlement Notice.

[4]  As defined in the Stipulation.

**ORDERED**, that the claims processing and administrative determinations of the Claims Administrator, accepting the POCs as indicated on the computer disk of Accepted POCs submitted with and described in the Cirami Declaration as Exhibit C, be and the same hereby are approved; and it is further

**ORDERED**, that the administrative determinations of the Claims Administrator rejecting the POCs as indicated on the computer printout of Rejected POCs submitted with and described in the Cirami Declaration as Exhibit C (other than the POCs of Joan Rodriguez, Charles A. Herbert, and Michael Rockich and Sumana S. Rockich, who have requested the Court's review of the processing and rejection of their claims, and who are the subject of a separate pending Motion), be and the same hereby are approved, and said POCs are hereby rejected; and it is further

**ORDERED**, that GCG shall be paid the sum of $1,481,851.82 from the Gross Settlement Fund for the unpaid balance of its fees and expenses incurred and to be incurred, including for the payment of GCG's estimated fees and expenses through one year after the initial distributions of the 309 Net Designation Amounts, in connection with its services performed and to be performed in giving notice to the Class, preparing tax returns for the Settlement Fund, processing all the POCs submitted, determining the amount of the final Net Settlement Fund, allocating the full Net Settlement Fund into 309 Net Designation amounts, for distribution among the Authorized Claimants for the 309 Subject Securities, and administering and distributing 309 Net Designation Amounts to the Authorized Claimant(s) who have Recognized Claim(s) from transactions in the Subject Security(ies) applicable to the Net Designation Amount(s) allocated to the Subject Security(ies) they purchased; and it is further

**ORDERED**, that Plaintiffs' Executive Committee shall be paid a total of $575,274.85 out of the Gross Settlement Fund for: (A) 124,098.41 representing two-thirds ($2/3^{rds}$)[5] of certain litigation expenses that were inadvertently omitted from the prior application for fees and expenses submitted in August 2009 (the "2009 Application"); (B) $78,080.85 representing two-thirds ($2/3^{rds}$) of certain additional expenses related to the appeals and other post-Judgment services provided for the Classes in this litigation after the 2009 Application, that are in excess of the amounts that were estimated for such post-settlement work in the 2009 Application; and (C) $373,095.58 representing one third ($1/3^{rd}$)[6] of the amount by which Plaintiffs' Executive Committee's fees were reduced by the excess of the estimated total administration fees and expenses, over the actual total fees and expenses for such administration fees and expenses; and it is further

**ORDERED**, that as described in the Cirami Declaration, the Claims Administrator shall allocate the Net Settlement Fund remaining after the foregoing payments, into 309 Net Designation Amounts, one for each Subject Security, and distribute each such Net Designation Amount, pursuant to the Plan of Allocation, to the Authorized Claimants who have Recognized Claims from transactions in the Subject Security for which the particular Net Designation

---

[5] If these expenses had been included in the 2009 Application and approved, they would have been paid from the Gross Settlement Fund and Plaintiffs' Counsel's fees, awarded as one-third of the Net Settlement Fund, would have been reduced by one-third of the expense amount. Accordingly. to make this reimbursement of expenses equivalent to the 2009 Award, Plaintiffs' Executive Committee is applying for only $2/3^{rds}$ of these expenses.

[6] Similarly, if these over-estimated administration expenses were NOT included in the calculation of the Net Settlement Fund, Plaintiffs' Executive Committee's fee award, calculated as one-third of the Net Settlement Fund, would have been greater by one-third of the excess estimated expense amount. Accordingly, to reflect the reduced actual expense level being paid by the Classes, the Fee Award should be increased by one-third of the over-estimated amount of expenses.

4

Amount was established, in proportion to the Recognized Claims allocable to all Authorized Claimants with Recognized Claims from such Subject Security; and it is further

**ORDERED**, that all the payments to be distributed to the Authorized Claimants shall bear the notation "CASH PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION 180 DAYS AFTER ISSUE DATE." Plaintiffs' Executive Committee and the Claims Administrator are authorized to take appropriate action to locate and or contact any eligible claimant who has not cashed his, her or its distribution within said time; and it is further

**ORDERED**, that the costs of such services to locate and reissue payments to such Authorized Claimants shall be payable from the unclaimed/uncashed monies remaining in the respective Net Designation Amounts from which the payment was issued; and it is further

**ORDERED**, that, as provided in the Plan of Allocation previously approved by the Court, after one year after the initial distributions of the 309 Net Designation Amounts to their respective Authorized Claimants, and after reasonable and diligent efforts have been made to have Authorized Claimants cash their initial distributions, the Claims Administrator and Plaintiffs' Executive Committee are authorized to re-distribute any funds remaining in each of the respective distribution accounts by reason of returned or unpaid distributions or otherwise (each a "Residual Net Designation Amount"), to the Authorized Claimants who purchased the applicable Subject Security for such Residual Net Designation Amount, provided that: (i) they have cashed their initial distribution from such Subject Security's Net Designation Amount; and (ii) that on the initial calculation of the amounts to be re-distributed, after payment of any unpaid costs or fees incurred in administering the respective Net Designation Amounts for such re-

distribution, they would be allocated at least $10.00[7] from that Residual Net Designation Amount. If after six months after the re-distributions of all the Residual Net Designation Amounts, any funds shall remain in the funds for any of the 309 Net Designation Amounts then such balances shall be contributed to non-sectarian, not-for-profit, 501(c)(3) organization(s) designated by Stanley D. Bernstein and Ariana J. Tadler on behalf of Plaintiffs' Executive Committee; and it is further

**ORDERED**, that all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted herein, or otherwise involved in the administration, allocation or taxation of the Settlement Fund, the Net Settlement Fund or any Net Designation Amount are released and discharged from any and all claims arising out of such involvement, and all persons, whether or not they are to receive payment from the Net Settlement Fund or any Net Designation Amount, are barred from making any further claim against the Net Settlement Fund or any Net Designation Amount, the Claims Administrator or Plaintiffs' Counsel, beyond the amount allocated to them pursuant to this Order; and it is further

**ORDERED**, that Plaintiffs' Counsel are authorized to dispose of all the documents (including paper and electronic documents) Plaintiffs' Counsel obtained in connection with the prosecution and discovery received and collected in this coordinated class action litigation (other than POCs and correspondence related thereto); provided such disposal is carried out in accordance with the *Stipulated Protective Order,* dated March 24, 2004, where applicable; and it is further

---

[7] No re-distribution payments shall be made in respect of a Residual Net Designation Fund to an Authorized Claimant who purchased the applicable Subject Security, but for whom the initial calculation of his, her, its or their allocable share of such Residual Net Designation Amount is $10.00 or less.

**ORDERED**, that the Claims Administrator is hereby authorized to dispose of all paper or hard copies of the POCs and supporting documents not less than one (1) year after the initial distributions of the 309 Net Designation Amounts are made to the Authorized Claimants, and to dispose of all electronic or magnetic media data not less than three (3) years after the initial distribution of the Net Designation Amounts was made to the Authorized Claimants; and it is further

**ORDERED**, that this Court retain jurisdiction over any further application or matter which may arise in connection with these Actions.

Dated: New York, New York
        Oct 23, 2012

**BY THE COURT:**

Honorable Shira A. Scheindlein
United States District Judge